Anthony **LOPIPARO**, Appellant,

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 15308, 15309.

United States Court of Appeals
Eighth Circuit.

June 3, 1955.

Sidney M. Glazer, St. Louis, Mo., for appellant.

William K. Stanard II, Asst. U. S. Atty., St. Louis, Mo. (Harry Richards, U. S. Atty., St. Louis, Mo., was with him on the brief), for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

Anthony Lopiparo, on May 21, 1954, was adjudged guilty of contempt for disobedience of an order of the District Court requiring him to produce before a grand jury certain books of a corporation of which he was the president. He was committed by the court to the custody of the United States Marshal "for imprisonment for a period of eighteen months, or until the further order of this [the District] Court should he produce before the grand jury the aforesaid records before the expiration of said sentence, or the discharge of said grand jury." Lopiparo did not produce the records before the discharge of the grand jury, and the District Court made no further order. He appealed from this sentence, and procured from a Justice of the Supreme Court of the United States an order admitting him to bail pending appeal.

Lopiparo's sentence was affirmed by this Court on October 29, 1954, 8 Cir., 216 F.2d 87. He petitioned the Supreme Court for certiorari. His petition was denied. 348 U.S. 916, 75 S.Ct. 297.

On February 9, 1955, he applied to the District Court, under 28 U.S.C.A. § 2255, to vacate or correct so much of his sentence as provided for his imprisonment beyond January 28, 1955, the day the grand jury was discharged. This upon the claim that, by its terms, the sentence expired upon the discharge of the grand jury, and that this Court, in affirming the sentence, had inferentially held that it was one for civil contempt, which would expire with the discharge

of the grand jury. Lopiparo also, on February 9, 1955, filed a petition for a writ of habeas corpus upon the same grounds and for the same reasons.

On February 18, 1955, a hearing was held upon the motion to vacate or correct the sentence, and also upon the return to the writ of habeas corpus. It was stipulated that the grand jury before which Lopiparo had been ordered to produce the books of his corporation was no longer sitting.

The District Court overruled the motion to vacate or correct sentence, and at the same time quashed the writ of habeas corpus and remanded Lopiparo to the custody of the United States Marshal. These appeals followed.

█ This Court did not inferentially or otherwise rule that the sentence imposed on Lopiparo was solely for a civil contempt, or that when the life of the grand jury before which he was ordered to produce the corporate books had expired he would be entitled to be released. Contemptuous conduct may constitute both civil and criminal contempt.

█ "The dual function of contempt has long been recognized—(1) vindication of the public interest by punishment of contemptuous conduct; (2) coercion to compel the contemnor to do what the law requires of him." Penfield Co. of California v. Securities and Exchange Commission, 330 U.S. 585, 593, 67 S.Ct. 918, 923, 91 L.Ed. 1117.

"Common sense would recognize that conduct can amount to both civil and criminal contempt. The same acts may justify a court in resorting to coercive and to punitive measures. Disposing of both aspects of the contempt in a single proceeding would seem at least a convenient practice." United States v. United Mine Workers of America, 330 U.S. 258, 298–299, 67 S.Ct. 677, 698–699, 91 L.Ed. 884. See also, Lamb v. Cramer, 285 U.S. 217, 221, 52 S.Ct. 315, 76 L.Ed. 715; Bessette v. W. B. Conkey Co., 194 U.S. 324, 328–330, 24 S.Ct. 665, 48 L.Ed. 997.

█ This Court, in affirming the sentence of imprisonment imposed by the District Court, held that the sentence was, under the evidence and the applicable law, a valid sentence. It did not terminate with the discharge of the grand jury.

The contention that, by its terms, the sentence provided for eighteen months imprisonment or until "the discharge of said grand jury" is without merit. The sentence, rationally construed, provided for eighteen months imprisonment unless before the discharge of the grand jury Lopiparo produced the records he was ordered to produce and the court ordered a reduction of his sentence.

The orders appealed from are affirmed.