**UNITED STATES of America,**
**Appellee,**

v.

**Morry LEVINE, Defendant-Appellant.**

**No. 2, Docket 24669.**

United States Court of Appeals
Second Circuit.

Argued May 4, 1959.

Decided June 2, 1959.

Myron L. Shapiro, New York City, for defendant-appellant.

Mark F. Hughes, Jr., Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., and Album C. Martin and Arthur B. Kramer, Asst. U. S. Attys., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

 Having refused to answer questions before a federal grand jury despite the direction of the district court that he do so, appellant was again brought before the district judge, who in the presence of the grand jury addressed the same questions to him, explicitly directed him to answer them, and, upon his refusal to do so, adjudged him guilty of criminal contempt and sentenced him to one year's imprisonment. The propriety of Levine's sentence and of the procedures below leading to his conviction has been recently approved in Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609, affirming United States v. Brown, 2 Cir., 247 F.2d 332, as was the efficacy of the immunity from prosecution granted him under § 205(e) of the Motor Carrier Act, 49 U.S.C. § 305(d). Hence the errors assigned as to them must be overruled. Similarly, there is no merit in appellant's contention that he was improperly denied compulsory process to prove before the district judge that the grand jury was not in fact investigating violations of the Motor Carrier Act. We know of no decision allowing a witness before a grand jury to probe into the purposes of its investigation or suggesting that the immunity from prosecution granted him would not be valid unless he did so. Levine appeared before the district court as a witness, not a party, Brown v. United States, supra, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609; as such his claim

of a right to compulsory process is as much without basis as his contention that the Court's very act of propounding the questions to him violated his privilege against self-incrimination. 359 U. S. 41, 50 note 10, 79 S.Ct. 539, 3 L.Ed.2d 609. He raises no other points of merit on this appeal.

Affirmed.