**Armando PIEMONTE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12819.**

United States Court of Appeals
Seventh Circuit.

Feb. 29, 1960.

Rehearing Denied May 3, 1960.

Frank W. Oliver, Chicago, Ill., Donald Kahan, Chicago, Ill., for appellant.

Max H. Goldschein, Attorney, Department of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill.,

Robert S. Bailey, Sp. Atty., Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court adjudging appellant guilty of contempt of court for failing to answer a number of questions propounded by a Federal Grand Jury.

On August 10, 1959, appellant appeared as a witness before a Federal Grand Jury sitting in Chicago, Illinois, pursuant to a writ of *habeas corpus ad testificandum* which was served on the warden of the Federal Penitentiary at Leavenworth, Kansas. Appellant answered his name and admitted he was imprisoned in the Leavenworth penitentiary under a sentence of six years for the possession and sale of heroin. When asked where he obtained the heroin which he was convicted of having possessed and sold, he declined to answer on the ground he might incriminate himself. Thereafter, he declined on the same ground to answer other questions such as whether he knew certain named persons, whether he had obtained heroin from such named persons, or sold heroin or marijuana to them.

On August 13, 1959, the Grand Jury requested a ruling by the Court on appellant's claim of privilege. Judge Campbell ruled that the privilege was well taken except as to those questions asked on August 10 relating to the source of the particular narcotic drugs upon which his prior conviction rested. Immediately thereafter, the Court received the Government's petition for an order directing appellant to answer questions pursuant to 18 U.S.C. § 1406, the immunity provisions of the Narcotics Control Act of 1956.[1] The Court granted the applica-

---

1. Pertinent are the following provisions of Title 18 U.S.C. § 1406: "Immunity of witnesses. Whenever in the judgment of a United States attorney the testimony of any witness, or the production of books, papers, or other evidence by any witness, in any case or proceeding before any grand jury or court of the United States involving any violation of—

"(1) any provision of part I or part II of subchapter A of chapter 39 of the Internal Revenue Code of 1954 the penalty

tion and stated to plaintiff: "It, therefore, is no longer necessary for you to invoke the protection of the Fifth Amendment to protect yourself from incrimination or subsequent prosecution, because pursuant to the provisions of the Narcotic Control Act, I now grant you immunity from such prosecution and direct you to answer the questions propounded to you by the Grand Jury."

The Court directed appellant's appearance before the Grand Jury be deferred until the following day so that he might consult counsel in the interim. The Court explained to appellant that his failure to abide by the order of the Court could result in his punishment for contempt. The record shows that appellant had consulted counsel shortly prior to his first appearance before the Grand Jury.

The following day, appellant again appeared before the Grand Jury. He was asked the identical questions asked him on the previous day as well as ten or fifteen additional ones. Appellant refused to answer any of the questions, relying upon his privilege against self-incrimination.

Appellant's counsel argues that in its verbal order, the District Court told Piemonte that it was granting immunity, but counsel argues the Court had no such power. Counsel contends the written order which followed made no mention of immunity, stating only the order was made in accordance with § 1406, Title 18 U.S.C. He also urges Piemonte was much confused, and that the meaning of

the alleged conflicting orders was hopelessly blurred.

The record clearly demonstrates that Piemonte understood what questions he was ordered to answer. When, for a second time, he refused to answer, Judge Campbell issued an order to show cause why Piemonte should not be held in wilful and deliberate contempt. On direct examination by his own counsel, the following exchange took place:

"Q. Now, will you tell his Honor, Judge Campbell, the basis for your refusal to answer questions propounded to you before the Federal Grand Jury on August 10th and August 14, 1959? A. Well, I am doing time in the penitentiary. I fear for my life. I fear for the life of my wife, my two stepchildren, and my family. I can't do something like that. I want to live, too."

During the argument, appellant's counsel said: " * * * His real basis for his disobedience is his fear that is embedded." The District Court interjected, "It may well be his real reason, but that is not a legal reason for failure to obey my order." It would seem that the District Court was on solid ground in holding that fear of underworld retaliation is no reason to excuse the appellant from his obligation to testify under a complete grant of immunity.

Judge Campbell was very patient with the witness and time after time gave him opportunity to say that he would testify

for which is provided in subsection (a) or (b) of section 7237 of such Code,

"(2) subsection (c), (h), or (i) of Section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), or

"(3) the Act of July 11, 1941, as amended (21 U.S.C., sec. 184a), is necessary to the public interest, he, upon the approval of the Attorney General, shall make application to the court that the witness shall be instructed to testify or produce evidence subject to the provisions of this section, and upon order of the court such witness shall not be excused from testifying or from pro-

ducing books, papers, or other evidence on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. But no such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding (except prosecution described in the next sentence) against him in any court. * * *"

before the Grand Jury. However, Piemonte steadfastly refused.

There is no indication that there was any confusion in Piemonte's mind. He understood the alternative, and deliberately chose to defy the Court. He stated: "Your Honor, I am not trying to defy you or get smart, or anything like that. I just can't." All these exchanges hereinbefore quoted took place in open court in the presence of appellant's attorney.

■ Strictly speaking, the criticism may be well-founded that the Court itself could not grant the immunity. However, the statute granted the immunity and the manner in which Judge Campbell expressed that immunity was not in any way confusing to Piemonte.

The judgment of the District Court holding and finding that Armando Piemonte was guilty of contempt of court must be and is hereby

Affirmed.