**UNITED STATES of America,**
**Appellee,**

v.

**Morry LEVINE, Appellant.**

**No. 247, Docket 26630.**

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1961.

Decided March 29, 1961.

Rehearing Denied April 26, 1961.

Lumbard, Chief Judge, dissented.

Myron L. Shapiro, New York City, for appellant.

George I. Gordon, Asst. U. S. Atty., S.D.N.Y., New York City (Morton S. Robson, U. S. Atty., and David Klingsberg, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and CLARK and SMITH, Circuit Judges.

CLARK, Circuit Judge.

Morry Levine appeals from the denial of his motion pursuant to F.R.Crim.P. 35 to reduce his sentence of one year's imprisonment for criminal contempt. Despite a proffered grant of immunity from prosecution, Levine disobeyed a court order to answer questions propounded to him by a Federal Grand Jury in an investigation of violations of the Motor Carrier Act, 49 U.S.C. §§ 301–327. According to Levine's affidavit in support of his motion, the testimony sought from him concerned the activities of Johnny Dioguardi, "a public menace" and "a notorious acid thrower"; and his refusal to testify was motivated by "a consuming compulsion to protect my family from gangster reprisals." Judge Levet adjudicated Levine in contempt in accordance with F.R.Crim.P. 42(a) and sentenced him to one year's imprisonment. The sentence, though containing no purge clause, was not necessarily merely punitive in effect, since a decision to testify could still be considered on a motion to reduce sentence. Cf. Brown v. United States, 359 U.S. 41, 52, note 15, 79 S.Ct. 539, 3 L.Ed.2d 609. Levine's conviction was affirmed by this court and by the Supreme Court, United States v. Levine, 2 Cir., 267 F.2d 335, affirmed Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989, rehearing denied 363 U.S. 858, 80 S.Ct. 1605, 4 L.Ed.2d 1739. By the time the Supreme Court finally determined the validity of the conviction, the Grand Jury had been discharged, as was required by law, F.R. Crim.P. 6(g); and Levine became unable to comply with the original court order directing him to give testimony. Levine then moved to reduce his sentence, thus raising the question whether the year's sentence, which was coercive as well as punitive when imposed, could be sustained solely as a punitive measure in the circumstances of the present case.

Both parties to the present appeal rely on the Supreme Court decision in Brown

274

v. United States, supra, 359 U.S. 41, 52, 79 S.Ct. 539, 547, 548, 3 L.Ed.2d 609, sustaining a fifteen-month sentence for a refusal to answer questions before the same inquiry involved in the present case. The Supreme Court there acknowledged that, "[b]ecause there is no statutory limit upon a District Court's sentencing power in cases of criminal contempt," the exercise of that power is subject to review on appeal. The Court further noted that "the decision is one primarily for the District Court, to be made 'with the utmost sense of responsibility and circumspection.'" Then, in upholding the fifteen-month sentence, which, like that in the present case, contained no purge clause, the Court added in a footnote that "If within 60 days of the termination of these proceedings the petitioner indicates his willingness to testify, the District Court will no doubt consider that fact in passing upon a motion for reduction of his sentence under Rule 35 of the Federal Rules of Criminal Procedure." Thus the Court made clear that it was approving the fifteen-month sentence as both a coercive and a punitive measure, not as a punitive measure

alone.[1] And in the footnote just quoted, the Court strongly suggested that it would be an abuse of discretion not to reduce the sentence if the prisoner promptly indicated a willingness to comply with the court order directing him to testify.

 So far as the coercive part of a contempt sentence is concerned, discharge of the Grand Jury making compliance with the court order impossible has a like effect to that of voluntary compliance with the order. In each case the coercive sentence no longer has a legitimate function, and further imprisonment can be justified only on the grounds of punishment.[2] The power to impose such punishment, unlimited by statute, should be exercised with restraint. Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 2 L.Ed.2d 672. Congress not having expressly authorized a long imprisonment for the type of contempt presented here, we think a year's sentence such as was imposed in the present case would be justified only in case of deliberate violation unattended by mitigating circumstances.[3] The government does not seri-

1. Similarly, on Levine's appeal from his conviction, this court, relying on Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609, approved the sentence now under attack only as both a coercive and a punitive sentence, not as punishment alone. United States v. Levine, 2 Cir., 267 F.2d 335. The Supreme Court did not consider the question. Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989, rehearing denied 363 U.S. 858, 80 S.Ct. 1605, 4 L.Ed. 2d 1739.

2. See Loubriel v. United States, 2 Cir., 9 F.2d 807; Hashagen v. United States, 9 Cir., 283 F.2d 345, 347, note 1; Yates v. United States, 9 Cir., 227 F.2d 844, 847; Howard v. United States, 8 Cir., 182 F. 2d 908, 914, judgment vacated and case remanded to district court for dismissal as moot, 340 U.S. 898, 71 S.Ct. 278, 95 L.Ed. 651; cf. United States v. De Simone, 2 Cir., 267 F.2d 741, 748, note 12 (concurring opinion).

3. Thus, in United States ex rel. Brown v. Lederer, 7 Cir., 140 F.2d 136, 138, certiorari denied Lederer v. United States ex rel. Brown, 322 U.S. 734, 64 S.Ct. 1047,

88 L.Ed. 1568, a sentence of a year and a day was imposed for violation of an injunction against selling at prices in excess of OPA ceilings, where "the violations were flagrant, numerous, accompanied by deceptive practices indicative of criminal intent and prompted solely by avarice and greed." The same sentence has been imposed for bribery of a juror, Creekmore v. United States, 8 Cir., 237 F. 743, L.R.A.1917C, 845, certiorari denied 242 U.S. 646, 37 S.Ct. 240, 61 L. Ed. 544, and a two-year sentence has been imposed for attempt to "fix" a prosecution under the National Prohibition Act, Conley v. United States, 8 Cir., 59 F.2d 929. In a case which differs from the present principally in its lack of "mitigating circumstances," an 18-month sentence was upheld as valid punishment for what was found to be a bad-faith refusal to produce corporate books subpoenaed by a Grand Jury. Lopiparo v. United States, 8 Cir., 222 F.2d 897; 8 Cir., 216 F.2d 87, certiorari denied 348 U.S. 916, 75 S.Ct. 297, 99 L.Ed. 718. A two-year sentence has been sustained for violation of an antitrust decree. Hill v. United States ex rel. Weiner, 300 U.S. 105, 57 S.

ously question appellant's explanation of his refusal to testify as based on fear of gangster reprisals against his wife and three children.[4] In these circumstances we do not think the sentence should have been made more severe than those which in the past have been upheld in cases of contemptuous failure to testify. Such sentences are catalogued in footnote 11 of the Chief Justice's dissenting opinion in Brown v. United States, 359 U.S. 41, 53, 58–59, 79 S.Ct. 539, 3 L.Ed.2d 609. On this basis we conclude that Levine's sentence is excessive to the extent that it exceeds six months. The order below is modified to provide that the sentence is reduced to six months' imprisonment.

LUMBARD, Chief Judge (dissenting).

I would affirm the order of the district court.

Seventy years of consistent federal precedent underlie the rule that appellate courts have no power to review sentences which are lawfully imposed under statutes prescribing maximum limits. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 604–607, certiorari denied 1952, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, and cases there cited; United States v. Sohnen, 2 Cir., 1960, 280 F.2d 109. This is a limitation not on the standard by which sentences should be reviewed, but on the jurisdiction of the court. See Rosenberg v. United States, 1952, 344 U.S. 889, 890, 73 S.Ct. 134, 97 L.Ed. 687 (Frankfurter, J.). When meting out a proper sentence a district judge is called upon to exercise his judgment in correlating a multitude of factors. It is a wise and deliberate policy that appellate courts apply in barring any review which would call for them to attempt to weigh once more the considerations which bear on this decision of the district judge. Moreover, the district judge has the "feel of the case," derived in large part from the opportunity to observe the defendant; appellate courts have only a black and white record by which to weigh the relevant factors.

Although the Supreme Court has recently carved out an exception to this deeply rooted principle for "areas where Congress had not seen fit to impose limitations on the sentencing power," Green v. United States, 1958, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672, the duty of appellate courts in this regard is only to guard against the exercise of "unbridled discretion." My brethren here believe this imposing standard to have been met by a showing that the course of prior proceedings mooted the coercive aspect of the appellant's sentence and by a statement from the appellant that his refusal to testify was the result of fear of "gangster reprisals." Both these considerations were urged in the district court before Judge Levet on the motion to reduce the appellant's sentence. It was hardly a flagrant abuse of judicial power for Judge Levet to conclude, as I would, that the fear of reprisal, though it may call for more effective police protection, is not a legitimate excuse for a refusal to testify, and that the appellant's success in delaying his day of reckoning for over three years, until long after the grand jury was discharged, should not redound to his benefit.

In my opinion my brethren set an unwise precedent in reviewing this sentence and in saying that in their judgment it is six months too long.

Ct. 347, 81 L.Ed. 537. Willful and unexcused disobedience by convicted defendants of surrender orders has resulted in sentences of three and four years. Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (3 years); United States v. Thompson, 2 Cir., 214 F.2d 545, certiorari denied 348 U.S. 841, 75 S.Ct. 48, 99 L.Ed. 663 (4 years); United States v. Hall, 2 Cir., 198 F.2d 726, certiorari

denied 345 U.S. 905, 73 S.Ct. 641, 97 L. Ed. 1341 (3 years).

4. It is clear, of course, that this factor does not excuse the failure to testify, and is relevant only on the question of appropriate punishment. See Piemonte v. United States, 7 Cir., 276 F.2d 148, certiorari granted 364 U.S. 811, 81 S.Ct. 46, 5 L. Ed.2d 44.