**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**Carmine GALENTE, Petitioner-**
**Appellant.**

**No. 26960.**

United States Court of Appeals
Second Circuit.

Motion Argued May 23, 1961.

Decided June 1, 1961.

Clark, Circuit Judge, dissented.

See, also, 288 F.2d 442.

Thomas A. Wadden, Jr., Washington, D. C. (Albert J. Krieger, New York City, of counsel), for petitioner.

William M. Tendy, Asst. U. S. Atty., S. D. N. Y., New York City (Robert M. Morgenthau, U. S. Atty., S. D. N. Y., New York City, on the brief), for respondent.

Before CLARK, HINCKS, and WATERMAN, Circuit Judges.

PER CURIAM.

On May 15, 1961 Hon. Richard H. Levet, a Judge of the United States District Court for the Southern District of New York, sentenced petitioner, Carmine Galente, to imprisonment for a contempt of court committed in court in the presence of the sentencing judge on an earlier day during a trial in which Galente was one of several defendants. The sentence was for a period of twenty days, the imprisonment to begin forthwith.

On that day Galente applied to Judge Levet for bail pending an appeal to the Court of Appeals. This application was denied. On May 18 a notice of appeal was filed and on that day petitioner executed a petition to us for such bail.

The motion came on for hearing on May 23 and was fully argued upon supporting and opposing affidavits. From these affidavits it is clear that the appeal is frivolous. See Fed.Rules Crim.Proc. Rule 46(a) (2) and United States v. Brown, 2 Cir., 247 F.2d 332, affirmed 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609. The motion for bail is denied.

**CLARK, Circuit Judge (dissenting).**

In United States v. Levine, 2 Cir., 288 F.2d 272, this court, taking note of the obvious concern of the Supreme Court in recent decisions as to the meting out of prison sentences on findings of contempt without indictment or trial by jury, concluded that it had the duty and responsibility of reviewing such sentences on appeal. And it ordered a reduction in the sentence there imposed. Here ultimately we may well affirm both the contempt adjudication and the sentence of imprisonment; but I do not see how at this juncture we can hold the appeal clearly frivolous and thus deny the defendant any substantial opportunity to present his case on either issue. I yield to no one in my desire to uphold the dignity of the courts actually engaged in the administration of justice. But this precipitate action by the appointed court of review shutting off all appeal is not in my judgment a sound method of upholding judicial dignity.

What we have before us in affidavit form is obviously only a small segment of a much longer story. It thus appears that on March 20, 1961, after four months of a large narcotics conspiracy trial the defendant made an emotional outburst directed against a conference of counsel called by the judge at the bench out of hearing of the jury, and demanded that the jury be allowed to hear everything. It does not appear that this disturbed the progress of the trial; nor did the judge take note of it other than to say that he had heard enough and "I will duly note this." And thus the matter quickly ended. Nearly two months later, on May 15, 1961, when a mistrial became necessary for lack of twelve qualified jurors, the judge called the defendant before him, peremptorily sentenced him to immediate imprisonment for twenty days, and then denied him bail on appeal and refused to hear him say anything in his behalf. The affidavit of the Assistant United States Attorney now says that defendant had been guilty of other like outbursts, but these were not noted in the judge's certificate finding contempt and the only one occurring before the present affair was another emotional comment leading to an apology to the judge. A full record on appeal might develop a background so that the peremptory jail sentence—instead of an initial fine—would appear justified. As it stands, however, this hasty action on our part raises more questions than it settles.

Judicial control of a massive conspiracy trial presents one of the most difficult and challenging tasks presented to a trial judge, calling as it does for a rare combination of firmness and patience. I do not suggest that these tests were not met here, but I believe our vindication, to be judicious and meaningful, must come on careful review of a full record and not upon summary and ill-informed action. There is yet more obligation for disinterested review here because of the collateral factors of the long delay in action and ultimate severe penalty imposed without a hearing, suggesting possibly punitive, rather than judicial, action unless justified by prior provocation. I believe that in justice to the court as much as to the defendant the latter should be granted reasonable bail and an opportunity to present his appeal in orderly course.