No. 111.  ROSENBERG ET AL. *v.* UNITED STATES; and

No. 112.  SOBELL *v.* UNITED STATES, *ante,* p. 838.  Motion for leave to file brief of Dr. W. E. B. Dubois and others, as *amici curiae,* denied.  Petitions for rehearing denied.  Memorandum filed by MR. JUSTICE FRANKFURTER in No. 111.  MR. JUSTICE BLACK adheres to his view that the petitions for certiorari should be granted.

MR. JUSTICE FRANKFURTER.

Petitioners are under death sentence, and it is not unreasonable to feel that before life is taken review should be open in the highest court of the society which has condemned them.  Such right of review was the law of the land for twenty years.  By § 6 of the Act of February 6, 1889, 25 Stat. 655, 656, convictions in capital cases arising under federal statutes were appealable here.  But in 1911 Congress abolished the appeal as of right, and since then death sentences have come here only under the same conditions that apply to any criminal conviction in a federal court.  (§§ 128, 238, 240 and 241 of the Judicial Code, 36 Stat. 1087, 1133, 1157.)

The Courts of Appeals are charged by Congress with the duty of reviewing all criminal convictions.  These are courts of great authority and corresponding responsibility.  The Court of Appeals for the Second Circuit was deeply conscious of its responsibility in this case.  Speaking through Judge Frank, it said: "Since two of the defendants must be put to death if the judgments stand, it goes without saying that we have scrutinized the record with extraordinary care to see whether it contains any of the errors asserted on this appeal."  195 F. 2d 583, 590.

After further consideration, the Court has adhered to its denial of this petition for certiorari.  Misconception regarding the meaning of such a denial persists despite repeated attempts at explanation.  It means, and all that

it means is, that there were not four members of the Court to whom the grounds on which the decision of the Court of Appeals was challenged seemed sufficiently important when judged by the standards governing the issue of the discretionary writ of certiorari. It also deserves to be repeated that the effective administration of justice precludes this Court from giving reasons, however briefly, for its denial of a petition for certiorari. I have heretofore explained the reasons that for me also militate against noting individual votes when a petition for certiorari is denied. See *Chemical Bank & Trust Co.* v. *Group of Institutional Investors,* 343 U. S. 982.

Numerous grounds were urged in support of this petition for certiorari; the petition for rehearing raised five additional questions. So far as these questions come within the power of this Court to adjudicate, I do not, of course, imply any opinion upon them. One of the questions, however, first raised in the petition for rehearing, is beyond the scope of the authority of this Court, and I deem it appropriate to say so. A sentence imposed by a United States district court, even though it be a death sentence, is not within the power of this Court to revise.