## UNITED STATES v. SOBELL.

United States District Court
S. D. New York.

Jan. 9, 1953.

Myles J. Lane, U. S. Atty., New York City, James B. Kilsheimer, III., New York City, of counsel.

Howard N. Meyer, Harold M. Phillips and Edward Kuntz, New York City, for defendant, Howard N. Meyer, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Morton Sobell was convicted together with the defendants Julius and Ethel Rosenberg after a trial by jury of the crime of having conspired between 1944 and 1950 to violate Title 18, United States Code, Section 794, by combining among themselves and with others to communicate to the Union of Soviet Socialist Republics documents, writings, etc. relating to the national defense of the United States, with intent and reason to believe that the matter transmitted would be used to the advantage of the Soviet Union. The conviction was examined and affirmed by the Court of Appeals, 2 Cir., Feb. 25, 1952, 195 F.2d 583. A petition for rehearing was denied, April 8, 1952. The Supreme Court declined to review the case, 344 U.S. 838, 73 S.Ct. 20 and denied a motion for rehearing on his application for certiorari. 344 U.S. 889, 73 S.Ct. 889.

Thereafter Sobell, together with the defendants Rosenberg, made an application to the District Court to set aside the judgment pursuant to Title 28, United States Code, Section 2255. As in the instance of the application of the Rosenbergs, I asked to be relieved of hearing this application. Accordingly it was heard by the Honorable Sylvester J. Ryan of this Court and was denied on December 10, 1952, 108 F.Supp. 798. An appeal was taken from that decision to the United States Court of Appeals, which unanimously affirmed, Dec. 31, 1952, 200 F.2d 666.

The motion by this defendant to the United States Court of Appeals for leave to file a second petition for rehearing of the original appeal was likewise denied on January 2, 1953.

So, we observe, as in the instance of the defendants Rosenberg, no legal recourse has been denied Sobell during these past 21 months, and no other Court has been able to find reversible error or justification to set aside the judgment of conviction.

The defendant Sobell now moves for a reduction of sentence,[1] and I have given de novo consideration to the sentence, as it is brought into issue on this motion. The government opposes any such reduction. This application by Sobell follows within a few days a denial by this Court of an application by the defendants Rosenberg for reduction of their sentences. United States v. Rosenberg, D.C.S.D.N.Y., Jan. 2, 1953, 109 F.Supp. 108.

Sobell was sentenced to imprisonment for a term of thirty years. I stated at the time of sentencing that I was fully cognizant that the defendant Sobell should receive a sentence less severe than that of the Rosenbergs. I stated, (pp. 2461, 2462).:

"While I have not the slightest sympathy for you or any of your associates, as a judge, I must be objective in the examination of the evidence in this case. I do not for a moment doubt that you were engaged in espionage activities; however, the evidence in the case did not point to any activity on your part in connection with the atom bomb project. I cannot be moved by hysteria or motivated by a desire to do the popular thing. I must do justice according to the evidence in this case. There isn't any doubt about your guilt, but I must recognize the lesser degree of your implication in this offense.

"I, therefore, sentence you to the maximum prison term provided by statute, to wit, thirty years."

Although Sobell still asserts his innocence, the uncontradicted evidence was clear and convincing and established beyond doubt his participation in the conspiracy. Sobell was a schoolmate of Julius Rosenberg, and, it is reasonable to infer from the evidence that he was an old friend and confidant who shared the same devotion to this conspiracy designed to benefit Soviet Russia. While Rosenberg was a principal recruiter for scientists and technicians to act as espionage agents, he had Sobell to assist him and abet him in this nefarious work. Sobell also delivered "valuable information" to Rosenberg.[2] To climax the already convincing evidence was the direct evidence of the defendant's consciousness of his guilt; which resulted in his flight to Mexico, using various aliases, after it was clear that his role in the conspiracy would soon be uncovered.

In evaluating the character of the defendant's crime, it should be noted that his activities in furtherance of this conspiracy continued well into the cold war period, long after it was apparent that Russia was hostile to the United States.

In support of this petition Sobell points to the devotion of his wife and family, who, perhaps, must suffer greatly from the consequences of his crime. This is an unfortunate by-product of this tragic case. Indeed, it is an unfortunate by-product of most criminal cases. Sobell points also to his high academic attainments and his devotion to science.

But Sobell shows no signs of remorse or repentance for his traitorous acts against the society which he now seeks to rejoin at an earlier date. It is indeed calamitous that Sobell, who might have been a worthwhile member of our community and a

1. Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides inter alia that: "The court may reduce a sentence within 60 days after * * * receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

2. See summary of evidence in United States v. Rosenberg, 2 Cir., Feb. 25, 1952, 195 F.2d 583, 589.

source of pride to his mother, wife and children, should have chosen a course of betrayal of those who made possible the very academic achievements which he urges upon the Court as a ground for reduction of sentence.

It is still more deplorable and grievous that Sobell has not seen fit to follow the course of David Greenglass, Harry Gold and Klaus Fuchs, who, after pleading guilty, gave substantial aid in detecting and bringing to justice other espionage agents whose acts were endangering our national security.[3] Rather, Sobell has chosen to follow in the footsteps of the defendants Rosenberg and, like them, adheres to misguided loyalties. His choice has been deliberate and the enormity of his offense becomes even greater, for apparently he still feels no remorse or contrition.

The application is denied.

---

3. Petitioner protests that others have received lighter sentences. For some, however, the sentences have been more severe. Gold, a most cooperative and penitent witness, nevertheless received the maximum prison sentence of thirty years from the Hon. James P. McGranery, then a United States District Judge in Philadelphia.