**Samuel ROTH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 322, Docket 24977.**

United States Court of Appeals
Second Circuit.

Argued April 30, 1958.

Decided May 22, 1958.

Herbert Monte Levy, New York City, for appellant.

Mark F. Hughes, Jr., Asst. U. S. Atty., S. D. New York, New York City (Paul W. Williams, U. S. Atty., Charles H. Miller, Asst. U. S. Atty., New York City, of counsel, on the brief), for appellee.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

The appellant's criminal conviction for sending obscene matter through the mails was affirmed by this court, 237 F. 2d 796, and by the Supreme Court, 352 U.S. 964, 77 S.Ct. 361, 1 L.Ed.2d 319. Thereafter he made a motion in the district court for reduction of his five-year sentence to the time already served. Rule 35, F.R.Crim.P. This appeal is from the denial of that motion.

There is no question but that the sentence was within the allowable statutory limit. 18 U.S.C. § 1461. It is the appellant's contention, however, that in imposing the sentence originally, and in refusing to reduce it, the district judge applied "illegal and unconstitutional standards." Specifically, it is asserted that the trial judge in determining the length of the sentence relied primarily upon the appellant's record of previous convictions for similar offenses, and that most, if not all, of these previous convictions would be invalid in the light of present standards. The record, however, shows that in addition to the appellant's prior criminal record, Judge Cashin had the benefit of a variety of other data, including a presentence investigation report, a "brochure" submitted by the appellant, and information as to the appellant's health and domestic life.

The rule is well settled that a United States Court of Appeals is without power to review or revise a sentence which is within permissible statutory limits. United States v. Rosenberg, 2 Cir., 195 F.2d 583, 603–609, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L. Ed. 687, rehearing denied 1952, 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687; United States v. Landi, 2 Cir., 1957, 240 F.2d 238; Jolly v. United States, 6 Cir., 229 F.2d 180, certiorari denied 1956, 351 U.S. 963, 76 S.Ct. 1024, 100 L.Ed. 1483. For the reasons stated this is not a case that demands inquiry as to what exceptions, if any, there may be to this rule. See Smith v. United States, 5 Cir., 1955, 223 F.2d 750, 754. Nor need we here inquire as to the extent of the Supreme Court's jurisdiction in this area in the exercise of its supervisory power over the administration of justice in the lower federal courts. Compare Yates v. United States, 78 S.Ct. 766, with Mr. Justice Frankfurter's memorandum in Rosenberg v. United States, 1952, 344 U.S. 889, 890, 73 S.Ct. 134, 97 L.Ed. 687.

Affirmed.