**UNITED STATES of America,**
Appellee,

v.

**Paolo LO DUCA, Appellant.**
No. 198, Docket 25863.

United States Court of Appeals
Second Circuit.

Argued Jan. 4, 1960.

Decided Jan. 21, 1960.

Charles Graff, New York City, for appellant.

Robert E. Scher, Asst. U. S. Atty., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Kevin Thomas Duffy, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Defendant appeals from a judgment of conviction and a sentence of six months' imprisonment entered by District Judge J. Skelly Wright, sitting by designation in the Southern District of New York, for unlawfully entering the United States in such manner as to elude inspection by immigration officers in violation of 8 U.S.C.A. § 1325. The Court is alleged to have accepted defendant's plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge," Fed.R.Crim.Proc. 11, 18 U.S.C. and the sentence, for the maximum imprisonment permitted by the statute, is claimed to be excessive and to have resulted in part from allegedly improper statements by the Assistant United States Attorney that offenses such as that to which LoDuca had pleaded guilty represented a large-scale abuse.

LoDuca did not move in the District Court to withdraw his plea of guilty as required by Fed.R.Crim.Proc. 32(d). Consequently, although we might be able to consider the propriety of the Court's accepting the plea on the appeal from an order denying such a motion or, it seems, on an appeal from an order denying an application to set aside the sentence under 28 U.S.C. § 2255 even though no such motion was made, United States v. Davis, 7 Cir., 1954, 212

F.2d 264; Floyd v. United States, 5 Cir., 1958, 260 F.2d 910, certiorari denied, 1959, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed. 2d 680; Arnold v. United States, 4 Cir., 1959, 271 F.2d 440; United States v. Von Der Heide, D.C.D.C.1959, 169 F.Supp. 560, the propriety of the Court's action is not now properly before us. Apart from this, we find no merit in appellant's contention. He had originally pleaded not guilty. Several days in advance of the date set for trial his experienced counsel, who had represented him when the not-guilty plea was entered, advised the Assistant United States Attorney that LoDuca intended to change his plea to guilty, and Judge Wright was so informed. The change of plea was made by defendant in the presence of his counsel; the charge was translated to defendant; and, after the plea, defendant was given an opportunity to make a statement, which he declined. While it would have been preferable for the judge to question the defendant to make certain that the plea of guilty was "made voluntarily with understanding of the nature of the charge," a conviction based on such a plea will not be set aside for failure to comply with any set formula where, as here, defendant had counsel and all the circumstances show the plea was so made. Floyd v. United States, supra, and United States v. Von Der Heide, supra. Contrast Arnold v. United States, supra. Moreover, the District Court surely would not have allowed the plea to be withdrawn unless defendant alleged that he was not guilty, United States v. Norstrand Corp., 2 Cir., 1948, 168 F.2d 481; no such allegation has been made here and it is apparent that only the unexpected severity of the sentence has led to the desire for a change of plea.

█ With respect to the sentence also, no motion for reduction was made in the District Court under Fed.R.Crim. Proc. 35. Even if such a motion had been made and the case were before us on appeal from a denial, "The rule is well settled that a United States Court of Appeals is without power to review or revise a sentence which is within per-

missible statutory limits." Roth v. United States, 2 Cir., 255 F.2d 440, 441 certiorari denied, 1958, 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61, and cases cited. See also Gurera v. United States, 8 Cir., 1930, 40 F.2d 338 and Kachnic v. United States, 9 Cir., 1931, 53 F.2d 312; cf. Livers v. United States, 6 Cir., 1950, 185 F.2d 807. If there be exceptions to this rule, this case surely is not one of them. We see no impropriety in the statement made by the Assistant United States Attorney, the sentence was for six months, and defendant failed to avail himself of his remedy under Fed.R.Crim. Proc. 35.

Judgment affirmed.