UNITED STATES of America, Appellee,

v.

Meyer SOHNEN, Appellant.

No. 361, Docket 26182.

United States Court of Appeals Second Circuit.

Argued June 14, 1960.

Decided July 5, 1960.

Louis G. Greenfield, New York City (Sidney W. Rothstein, New York City, of counsel and on the brief), for appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Elliott Kahaner, Chief Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

PER CURIAM.

Appellant, well represented by counsel of his own choosing, pleaded guilty to all four counts of an indictment. Count I charged that he evaded payment of $64,-339.42 of income taxes for the year 1952; Count II, $67,934.64 for the year 1953; Count III, $23,010.03 for the year 1954; and Count IV that he understated his gross receipts for the year 1954 by $44,-039.36. By his plea appellant admitted a deliberate evasion of $155,284.09 of income taxes owed within a three-year span.

Upon the guilty plea the district judge imposed terms of five years' imprisonment on each of the first three counts and of three years' imprisonment on the fourth count, all terms to run concurrently. Though this sentence was within the maximum limits permissible by the applicable statutes appellant seeks to have us reduce it. We are unwilling to overrule three-score years and ten of consistent federal precedent uniformly followed since the United States Courts of Appeals were created in 1891; and therefore we hold that we have no power to modify the sentence. United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, 604, and cases there cited, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652; 344 U.S. 850, 73 S.Ct. 66, 97 L.Ed. 661; 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687; Roth v. United States, 2 Cir., 1958, 255 F.2d 440, certiorari denied 1958, 358 U.S. 819, 79 S.Ct. 31, 3 L.Ed.2d 61, and cases there cited; United States v. Lo Duca, 2 Cir., 1960, 274 F.2d 57, 59. Moreover, if we have the power we would find no excuse for exercising it in the circumstances of the present case.

Affirmed.