Lavonne **NEWSOM**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21044.

United States Court of Appeals
Fifth Circuit.

Aug. 10, 1964.

———◆———

Pete White, Fowler Roberts, Dallas, Tex., for appellant.

Robert B. Ward, Asst. U. S. Atty., Barefoot Sanders, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, PRETTY-MAN * and JONES, Circuit Judges.

JONES, Circuit Judge.

Appellant was convicted of violating 26 U.S.C.A. § 4742(a) in June, 1961, and sentenced to five years imprisonment. The judgment was reversed, Newsom v. United States, 5th Cir. 1962, 311 F.2d 74, for reasons stated in the opinion. The appellant was again tried and convicted and was again given a five-year sentence. Two grounds are asserted on this appeal. We consider only the first: that the evidence was insufficient to make a jury issue and the motion for an acquittal should have been granted. On review, the evidence is to be regarded in the light "most favorable to the Government." Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. So viewed, the evidence shows that on the afternoon of December 14, 1961, Fenlaw, a "special employee" of the Narcotics Bureau, after a telephone conversation with a young lady at Guthrie's Club, called the Narcotics Bureau and talked with Agent English. That evening Fenlaw and English went to Guthrie's. There Fenlaw engaged in another con-

* Senior Judge of the District of Columbia Circuit, sitting by designation.

versation with the young lady. Fenlaw and English then went to Waffle House No. 1, some seven miles away. They sat in a booth, and drank coffee. Appellant and one Linton came into the Waffle House. Fenlaw had seen Linton before, but had never seen appellant. Linton asked Fenlaw to join him in another booth and appellant sat down with English. English testified that, although he tried to engage appellant in a conversation involving marijuana, he was unable to do so.

After a short time Fenlaw and Linton returned to the booth where English and appellant were sitting. Appellant and Linton left. Fenlaw sat down beside English. English searched Fenlaw and gave him $125.00. Fenlaw then proceeded to appellant's car which was parked almost directly in front of the Waffle House. Appellant and Linton were already in it. Appellant was behind the wheel and Linton in the middle. Fenlaw got in beside Linton. English returned to Fenlaw's car several spaces down the street.

Once in the car Linton reached under the right front seat and handed Fenlaw a sack containing marijuana. The interior of the car was well-illuminated by the lights on the street. Fenlaw opened it, and holding it under the dashboard, struck a match to inspect its contents. Being satisfied, apparently, with the results of his inspection, Fenlaw handed Linton the $125.00, which the latter counted. He then returned to his own car where English was waiting.

Fenlaw was asked on direct examination whether both men were taking part in the transaction. This question called for nothing more than a conclusion by the witness and his conclusion was "Yes, Sir." On cross-examination, appellant's counsel went back to the preliminary conversation between Fenlaw and Linton, out of the hearing of appellant, in the booth of the Waffle House. In the course of this examination counsel asked:

"Q. That transaction was completed at that time [in the booth], he agreed to sell you a quantity of marijuana and you agreed to pay him $125?

"A. He said he and Mr. Newsom had this marijuana.

"Q. He said he and Mr. Newsom had it?

"A. Yes.

"Q. What else did he say?

"A. Very little, other than I asked him where it was, and he said, 'Out in his car.'"

Fenlaw also testified that Linton said during the time Fenlaw was in appellant's car, he, Linton, and appellant had a lot of other marijuana to get rid of. He testified that he might have asked appellant a question on another subject during this time, but he was not sure. He testified that appellant watched him inspect the marijuana and that they all took part in a conversation during this time, but he could not remember anything appellant said.

In addition Fenlaw testified that later on he and Agent English, in the company of Linton, went to appellant's home, and obtained a quantity of marijuana from another car owned by appellant, but that the appellant was not present. Fenlaw testified that he discussed future sales of marijuana with appellant several times, but no such sales were ever made. All of these discussions took place some days after the offense alleged in this case.

The most incriminating evidence against appellant is the testimony of Fenlaw, quoted above, that Linton told him, out of the hearing of appellant, that Linton and Newsom had the marijuana outside in Newsom's car. Even though this testimony constituted hearsay, it was brought out by appellant's counsel and there was neither objection to it nor a request that the jury be directed to disregard it. Under the circumstances of the case the jury was entitled to consider it for whatever probative value it might have. United States v. Rosenberg, 2nd Cir. 1952, 195 F.2d 583, cert. den. 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652, reh. den. 344 U.S. 889, 73 S.Ct. 134,

97 L.Ed. 687. But this testimony, taken alone, does not show the necessary elements of knowledge and interest otherwise lacking. Even though the witness, straining to make his point, placed his emphasis on the fact that Linton said that he and Newsom had the marijuana, it is impossible for the jury, the trial court, or this Court to know whether Linton meant that Newsom had an interest in the enterprise, or merely that they were together and marijuana was present in the car.

 A jury verdict is not to be overturned unlesss, taking the view most favorable to the Government, there is an absence of substantial evidence to support it. Glasser v. United States, supra; Riggs v. United States, 5th Cir. 1960, 280 F.2d 949, 953–55; Lloyd v. United States, 5th Cir. 1955, 226 F.2d 9, 13. However, the Government must prove every essential element of the offense. Colt v. United States, 5th Cir. 1946, 158 F.2d 641. Here the most that can be drawn from the evidence concerning appellant's involvement in the transaction in the car is that he saw what was going on and engaged in conversation. Mere presence at the scene of a criminal offense does not support an inference of guilt of that offense. Glenn v. United States, 6th Cir. 1959, 271 F.2d 880. Nor do we think that the verdict can be supported by Fenlaw's testimony of admissions by Linton in the car concerning future sales of marijuana made in the presence of appellant. These admissions did not relate to the present transaction.

 The Government failed to prove that Newsom, the appellant, had knowledge that his car, which he was driving, was carrying Linton to a place where a marijuana sale was to be made. There was no evidence that Newsom knew marijuana was being transported in his car. It was not shown that he handled the marijuana or received any of the money paid for it. Subsequent conversations as to other marijuana cannot furnish a basis for the conviction of the offense here charged. The proof was not enough. Riggs v. United States, supra; Cuthbert

v. United States, 5th Cir. 1960, 278 F.2d 220. Cf. Glenn v. United States, supra. A judgment of acquittal should have been entered. In the opinion on the former appeal it was noted on two or more occasions that the Government's case was weak. Because it is no stronger on the second trial we see no need to remand for a new trial. We think a judgment of acquittal should now be entered. The judgment is therefore reversed, with directions to acquit the appellant.