**UNITED STATES of America,**
**Appellee,**

**v.**

**Lee Vainderbilt PRUITT, Appellant.**

**No. 9477.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 25, 1964.

Decided Feb. 3, 1965.

Ann Llewellyn McKenzie, Concord, N. C. (Clement Manly Llewellyn and Llewellyn, McKenzie & Llewellyn, Concord, N. C., on brief), for appellant.

William H. Murdock, U. S. Atty. (Roy G. Hall, Jr., Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and SIMONS, District Judge.

SIMONS, District Judge.

Appellant was charged in four-count indictment with removal, concealment, possession, transportation, and sale October 21, 1963, of one gallon of non-tax paid liquor [counts one and two] and with removal, concealment, and possession January 30, 1964, of one hundred two gallons of non-tax paid liquor [counts three and four].[1]

Upon arraignment April 20, 1964, appellant represented by privately selected and employed counsel entered guilty pleas to counts one, three and four, and not guilty to count two. Latter count was dismissed upon appellant's motion.

On same date appellant while still represented by his privately employed counsel pleaded not guilty and filed waivers of trial by jury in two other indictments with which we are not directly concerned in this appeal, as follows: [1] assault with a deadly weapon February 27, 1964, upon one Charles Boler, Jr., a person assisting agents of Alcohol and Tobacco Tax Division, Internal Revenue Service, in execution of their official duties, in violation of 18 U.S.C. § 111;[2] [2] removal [count one], possession and sale [count two] February 27, 1964, of one gallon of non-tax paid liquor.[3]

After appellant's pleas of guilty on counts one, three and four of indictment in case which is subject of this appeal, court heard the evidence as to these violations. At this hearing district judge did not review probation officer's presentence report, refused to permit government to present evidence as to appellant's reputation, and deferred imposition of sentence until trial of the two other indictments against appellant above mentioned, to which he and his codefendants had entered pleas of not guilty.[4]

After appellant's trial and conviction by the judge without a jury on these last mentioned charges, court sentenced appellant on the three counts in instant case to a total of ten years' imprisonment: five years on count one and five years on counts three and four, to run consecutively.[5]

1. District Court Docket Number Cr–57–S–64; counts one and three under 26 U.S.C. § 5601 [a] [12] and counts two and four under 26 U.S.C. §§ 5205 [a] [2], 5604 [a] [1].

2. District Court Docket Number Cr–125–S–64; co-defendants in this indictment were Baxter Pruitt, Mark Harding Chunn, and Glinn Edward Payne. Prior to trial defendant Baxter Pruitt was confined as inmate in Cherry Hospital in Goldsboro, North Carolina, and was not tried with other defendants on April 24, 1964. Other defendants including appellant were tried by court without a jury and were all convicted. Conviction of appellant and Mark Harding Chunn is subject of another appeal now pending in this court under Docket No. 9483; and was also argued here September 25, 1964. Defendant Payne did not appeal his conviction.

3. District Court Docket Number Cr–124–S–64; count one under 26 U.S.C. § 5601 [a] [12] and count two under 26 U.S.C. §§ 5205 [a] [2], 5604 [a] [1]. Baxter Cleve Pruitt was co-defendant in this indictment.

4. Judge Stanley stated: " * * * I would not want to impose sentence until all matters pending on this docket are before me * * *. I don't know a thing on earth about any other cases. I notice he is in two others. But I think his guilt or innocence should be resolved in those cases. You see, just like I didn't want the Government to put in anything about reputation, I haven't had the advantage of his presentence report yet because he is pleading not guilty, and I don't think it's proper for me to look at that because it would relate him to all offenses. It would be there and I wouldn't want to be looking at that until those matters are resolved. * * * There are so many factors you should take into consideration in the sentence, and I wouldn't feel right, in fairness to him, to impose sentence until all these matters have been resolved." [Pg. 2 and 3 of Tr.].

5. The court at the same term sentenced appellant Pruitt on the other liquor charge to which he pleaded not guilty and was convicted [Cr–124–S–64] to five years' imprisonment to run concurrently with sentence in case at bar; he also sentenced Pruitt to ten years' imprisonment on the assault charge upon court's finding that appellant committed the assault with a deadly weapon. Chunn was

The questions presented by the appeal are: [1] did district judge abuse his discretion in deferring imposition of appellant's sentence until after his trial on other indictments pending in that court?; and [2] are the sentences totalling ten years on the three counts of the indictment, which are within maximum statutory limits,[6] reviewable by this court?

■ As to the first question, we hold that district judge was completely justified in postponing sentence in case at bar until after appellant's trial on the other charges which he was scheduled to try without a jury. Prior to imposition of sentence trial judge was entitled to have benefit of probation service's presentence report as is provided for in Rule 32[c],[7] concerning appellant's criminal record, family and personal background, reputation, character, financial condition, and circumstances affecting his behavior as would be helpful in determining whether to impose a prison sentence, probation, or correctional treatment. On the other hand the trial judge, who was to act as judge and jury in trial of other charges against appellant to which he had pleaded not guilty, could not in good conscience receive information as to appellant's criminal record, reputation, and various other information generally contained in presentence reports prior to his trial of such other charges.

■■ It is true that Rule 32[a] provides that "[s]entence shall be imposed without unreasonable delay." However, under the circumstances presented here there surely was no unreasonable delay, and in our view, the court exercised sound judicial discretion in postponing sentence. Even in absence of other pending charges against appellant on trial court's docket for disposition, there was no unreasonable delay nor any abuse of discretion in pronouncing sentence. Appellant was arraigned and entered guilty plea on April 20, 1964, evidence was heard in case two days later and sentence was imposed two days thereafter on April 24, 1964. Such delay was well within the trial judge's discretion. See Barlow v. United States, 6 F.2d 105 [1st Cir. 1925]; Bankey v. Sanford, 74 F. Supp. 756 [N.D.Ga.1947], affirmed 165 F.2d 788 [5th Cir.]; Pope v. Huff, 79 U.S.App.D.C. 18, 141 F.2d 727 [1944] wherein defendant was tried separately a week apart on two indictments, and trial court did not impose sentence on first trial until after second conviction. The court at page 728 said: "We think the court did not err in postponing sentence under appellant's first conviction until after his second conviction"; Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702; Pratt v. United States, 70 App.D.C. 7, 102 F.2d 275 [1939]; Musick v. United States, 2 F.2d 711 [3rd

sentenced to imprisonment for three years upon court's finding that he had not used a deadly weapon in his commission of the assault upon Boler. The district court denied both Pruitt's and Chunn's motions in arrest of judgment, and they have also appealed in those cases to this court. [Docket No. 9483].

6. Under counts one, three and four, maximum penalty is five years' imprisonment, or $10,000 fine, or both, on each count, making total maximum penalty to which appellant was subject fifteen years in prison, or $30,000 fine, or both. 26 U.S.C. § 5601 [a] [12], 26 U.S.C. § 5604 [a] [1].

7. Rule 32 [c] of Rules of Criminal Procedure provides:
"[c] Presentence Investigation. [1] When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty. [2] Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the Court."

Cir. 1924] ; Miner v. United States, 244 F. 422 [3rd Cir. 1917].[8] In determining sentence to be imposed in this case trial judge was entitled to take into consideration the fact that appellant had committed additional crimes in the interim between the time he committed the offenses upon which the indictment here was based, and the time of sentence upon his guilty pleas to said indictment. Young v. United States, 259 F.2d 641 [8th Cir. 1958] ; Parker v. United States, 248 F.2d 803 [4th Cir. 1957] ; see annotation 96 A.L.R.2d 768.

■■■ As to the second question, the ten year total sentences imposed upon appellant by trial judge on the three counts of the indictment were well within the statutory limits. Sentencing is within sole province and discretion of trial judge, and unless an imposed sentence exceeds statutory maximum, or is otherwise illegal, appellate courts are without authority to act. Even if we considered the sentences in this case unduly harsh or severe, which we do not, we would be powerless to review under innumerable decisions of this and other appellate courts [9] which have held consistently that there is no power in an appellate court to review sentence imposed, so long as it is within statutory limit. One exception is found in the Seventh Circuit case of

United States v. Wiley, 278 F.2d 500 [1960] which involved exceptional circumstances. There the lower court was reversed upon imposition of more severe sentence on Wiley who had no previous record than was given his codefendants with prior records, merely because of the trial court's "standing policy" not to grant probation to a defendant who pleaded not guilty. The Court of Appeals remanded the case for resentencing, stating at page 503:

"Only in an exceptional case will this court interfere with the discretion exercised by a district court in imposing a sentence upon a defendant in a criminal case. However, where the facts appearing in the record point convincingly to the conclusion that the district court has, without any justification, arbitrarily singled out a minor defendant for the imposition of a more severe sentence than that imposed upon the co-defendants, this court will not hesitate to correct the disparity."

Recently some of the other circuits have indicated by way of dicta that they might have authority to review sentences for manifest abuse of discretion on part of trial judge.[10] The Supreme Court, although not having passed on this matter squarely, has nevertheless expressed it-

---

8. See also recent cases: Treakle v. United States, 327 F.2d 82 [9th Cir. 1964] ; United States v. Grabina, 309 F.2d 783 [2nd Cir. 1962], certiorari denied 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057; Lott v. United States, 309 F.2d 115 [5th Cir. 1962], certiorari denied 1963, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498; Kaye v. United States, 235 F.2d 187 [6th Cir. 1956].

9. See, e. g. Martin v. United States, 317 F.2d 753 [9th Cir. 1963] ; Rogers v. United States, 304 F.2d 520 [5th Cir. 1962] ; Bartholomew v. United States, 286 F.2d 779 [8th Cir. 1961] ; United States v. Sohnen, 280 F.2d 109 [2nd Cir. 1960] ; Smith v. United States, 273 F. 2d 462 [10th Cir. 1959] ; Egan v. United States, 268 F.2d 820 [8th Cir. 1959] ; United States v. Kapsalis, 214 F.2d 677 [7th Cir. 1954] ; United States v. Rosenberg, 195 F.2d 583 [2nd Cir. 1952] ; Tomoya Kawakita v. United States, 190

F.2d 506 [9th Cir. 1951] ; Beckett v. United States, 84 F.2d 731 [6th Cir. 1936] ; Scala v. United States, 54 F.2d 608 [7th Cir. 1931] ; Freeman v. United States, 243 F. 353 [9th Cir. 1917]. It is noted that an exception is made for contempt cases, where review is permitted on theory that there is no statutory limit on the punishment. Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 [1959] ; Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 [1958] ; United States v. Levine, 288 F.2d 272 [2nd Cir. 1961].

10. See Epperson v. Anderson, 117 U.S. App.D.C. 122, 326 F.2d 665 [1963] ; United States v. LoDuca, 274 F.2d 57 [2nd Cir. 1960] ; United States v. Frank, 245 F.2d 284 [3rd Cir. 1957], certiorari denied 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35.

self in this regard. In Blockburger v. United States, 284 U.S. 299, at page 305, 52 S.Ct. 180, at page 182, 76 L.Ed. 306 [1932] the Court said:

"Under the circumstances, so far as disclosed, it is true that the imposition of the full penalty of fine and imprisonment upon each count seems unduly severe; but there may have been other facts and circumstances before the trial court properly influencing the extent of the punishment. In any event, the matter was one for that court, with whose judgment there is no warrant for interference."

The Court in Gore v. United States, 357 U.S. 386, at page 393, 78 S.Ct. 1280, at page 1285, 2 L.Ed.2d 1405 [1958] stated:

"In effect, we are asked to enter the domain of penology, and more particularly that tantalizing aspect of it, the proper apportionment of punishment. Whatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility, * * * these are peculiarly questions of legislative policy. Equally so are the much mooted problems relating to the power of the judiciary to review sentences. First the English and then the Scottish Courts of Criminal Appeal were given power to revise sentences, the power to increase as well as the power to reduce them.

* * * This Court has no such power."

However, as was pointed out by this court in United States v. Martell, 335 F.2d 764 [4th Cir. 1964] appellate review of sentences is not a new concept.[11] Chief Judge Sobeloff, who authored the Martell opinion, has long advocated favorable congressional consideration of appellate review of sentences. Attention is invited to his most illuminating and persuasive address entitled "The Sentence of the Court" delivered before the Criminal Law Section of the American Bar Association in Chicago on August 16, 1954 while he was the distinguished Solicitor General of the United States. The address was subsequently published in the American Bar Association Journal. Of late much discussion, study and writings have been devoted to this field in bar associations, law journals, institutes, among lawyers and judges, and in Congress. Present indications are that some congressional action may be soon forthcoming.

Nevertheless, our court has through the years unwaveringly followed the well established principles that we have no power, in the absence of the most exceptional circumstances, to review a sentence which is within limits allowed by statute. United States v. Martell, supra; Tincher v. United States, 11 F.2d 18 [4th Cir. 1926]; [12] Carpenter v. United

11. At pages 767–768, this court stated: "Appellate review of sentences, however, is not a new concept. Indeed, from 1879 until 1891, when appellate jurisdiction was transferred from the federal circuit courts to the circuit courts of appeals, the old circuit courts had and exercised express statutory authority to reduce legal but excessive sentences. A number of states and the military, as well as England, Canada, India and Pakistan allow appeals from sentences. The United States stands alone in allowing a single judge to set the minimum sentence according to his own dictate. [See notes to this paragraph in full opinion.]

"The sentencing process inevitably reflects to a greater or lesser degree the individual judge's philosophy of criminal law. It may be argued that just as appellate judges are expected to fashion a composite view in other fields of law, they should have power to develop a more uniform approach to the sentencing problem, and that a sentence should be subject to review to the same extent as other exercises of legal discretion, to make correction in the occasional instances of clear abuse. In Congress strong efforts are afoot to grant federal courts of appeals the power to modify sentences in addition to their existing power to review the record for errors of law. But, however persuasive we may consider the arguments in favor of such legislation, it is not our province to anticipate the Congress."

12. At page 21 Judge Parker stated: "The Judge who tries the case and hears the

·States, 280 F. 598 [4th Cir. 1922]. This view is unquestionably followed by the overwhelming weight of authority, and unless or until the Congress or the Supreme Court has spoken to the contrary we are disposed to follow our established precedent.

Affirmed.

testimony is the best, as he is the sole judge of the merits, and if he acts within the boundaries prescribed by law his de- cision is final and unreviewable in an appellate court."