The UNITED STATES of America ex rel. Fyke FARMER, Plaintiff,

v.

Irving R. KAUFMAN, Defendant.

No. 90 Civ. 35 (SWK).

United States District Court, S.D. New York.

Sept. 10, 1990.

Fyke Farmer, Nashville, Tenn., pro se plaintiff.

Otto G. Obermaier, U.S. Atty., for the S.D.N.Y. by Steven M. Haber, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action, brought purportedly on behalf of the United States by an attorney

---

*pro se,* seeks declaratory relief relating to the famous trial and sentencing of Julius and Ethel Rosenberg. Currently before the Court is defendant Judge Kaufman's motion to dismiss the Complaint.

## BACKGROUND

On August 17, 1950 the Rosenbergs were indicted for conspiring, between 1944 and 1950, to violate the Espionage Act of 1917.[1] There is some controversy about what version of that statute was in effect at the time. For purposes of this motion to dismiss, the Court will adopt plaintiff's proffered version, which reads in relevant part as follows:

SEC. 2. (a) Whoever, with intent or reason to believe that it is to be used to the injury of the United States or to the advantage of a foreign nation, communicates, delivers, transmits, or attempts to, or aids or induces another to, communicate, deliver, or transmit, to any foreign government, or to any faction or party or military or naval force within a foreign country ... or to any representative, officer, agent, employee, subject, or citizen thereof, either directly or indirectly, any document, writing, code book, signal book, sketch, photograph, photographic negative, blue print, plan, map, model, note, instrument, appliance, or information relating to the national defense, shall be punished by imprisonment for not more than twenty years: *Provided,* That whosoever shall violate the provisions of subsection (a) of this section in time of war shall be *punished by death* or by imprisonment for not more than thirty years.

\*    \*    \*    \*    \*    \*

SEC. 4. If *two or more persons conspire* to violate the provisions of sections two or three of this title, and *one or more of such persons does any act to effect the object of the conspiracy,* each of the parties to such conspiracy shall be *punished as in said sections provided in the case of the doing of the act* the accomplishment of which is the object of the conspiracy....

Sections 2(a) and 4 of the Espionage Act of 1917, attached as unmarked exhibit to Affidavit of Fyke Farmer in Opposition to Motion to Dismiss Motion (hereinafter "Farmer Affidavit") (emphases added). Judge Irving Kaufman, formerly of this Court, presided over the ensuing criminal trial. After the jury's verdict of guilty as charged, Judge Kaufman sentenced the Rosenbergs to death. After extensive post-trial proceedings,[2] including several rounds of appeals, motions for collateral relief, and an application for executive clemency, the Rosenbergs were executed on June 19, 1953.

Plaintiff Fyke Farmer filed this lawsuit nearly forty years later. Farmer's attack on Judge Kaufman essentially complains that, in sentencing the Rosenbergs, the Judge took into account crimes and facts not charged in the indictment or proven at trial. He claims that at sentencing, Judge Kaufman referred to the Rosenbergs'

... conduct in putting into the hands of the Russians the A–bomb years before our best scientists predicted Russia would perfect the bomb

\*    \*    \*    \*    \*    \*

[and that they] passed what they knew was this nation's most deadly and closely guarded secret weapon to the Soviet agents.

---

**1.** A superseding indictment was handed down on January 31, 1951, naming the Rosenbergs and three other co-conspirators as defendants.

**2.** *See United States v. Rosenberg,* 195 F.2d 583 (2d Cir.1952), *cert. denied,* 344 U.S. 838, 73 S.Ct. 21, 97 L.Ed. 652 (1952), *reh. denied,* 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 687 (1952), *and cert. denied sub nom. Sobell v. United States,* 344 U.S. 889, 73 S.Ct. 180, 97 L.Ed. 687 (1952), *and reh. denied,* 347 U.S. 1021, 74 S.Ct. 860, 98 L.Ed. 1142 (1954), *and motion denied,* 355 U.S. 860, 78

S.Ct. 91, 2 L.Ed.2d 67 (1957); *United States v. Rosenberg,* 108 F.Supp. 798, (S.D.N.Y.) *aff'd* 200 F.2d 666 (2d Cir.1952), *cert. denied, Sobell v. United States,* 345 U.S. 1003, 73 S.Ct. 1131, 97 L.Ed. 1408 (1953), *and cert. denied, Rosenberg v. United States,* 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953), *reh. denied,* 345 U.S. 1003, 73 S.Ct. 1151; *Rosenberg v. United States,* 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953), *motion denied,* 346 U.S. 324, 73 S.Ct. 1178, 97 L.Ed. 1634 (1953).

Complaint at ¶ 6; Amended Complaint at ¶ (a). In his Complaint, Farmer thereupon alleges that:

There was no evidence in the case that the Rosenbergs put the A-bomb into the hands of the Russians or that they passed this nation's most deadly and closely guarded secret weapon to Soviet agents.

Not only was there no such evidence, but Julius and Ethel Rosenberg were not charged in the indictment with any crime that could subject them to the death penalty.

*Id.* at ¶ 7. Thus, his Complaint seems to center on the fact that the Rosenbergs were convicted only of conspiracy to violate the Espionage Act, whereas Judge Kaufman stated at sentencing that they accomplished the purpose of the conspiracy. He refers to this as "Judge Kaufman ... indicting the Rosenbergs anew." Complaint ¶ 14. This act, Farmer maintains, constituted the crime of Obstruction of Justice. *Id.;* Farmer Affidavit, at ¶ 26.

The Complaint seeks an adjudication that: (1) the Rosenbergs were not charged or convicted of any crime subjecting them to the death penalty, nor duly sentenced to death according to law; (2) the Rosenbergs were innocent of any crime; (3) Judge Kaufman was guilty of the crime of depriving the Rosenbergs of their lives in violation of the Constitution; and (4) Judge Kaufman was guilty of violating the obstruction of justice statute, 18 U.S.C. § 1503. Complaint ¶ 15(a)–(d).[3]

Judge Kaufman, represented here by the U.S. Attorney's Office,[4] has moved to dismiss the case on several grounds: (1) plaintiff lacks standing; (2) this action is inappropriately framed, constituting neither a proper *Bivens* action nor a proper declaratory judgment action; and (3) plaintiff's claims are time-barred.

## DISCUSSION

### I. STANDING

■ Farmer has no standing under either of the statutes he cites, 18 U.S.C. §§ 4 and 1503, to maintain this action. Plaintiff may not bring a civil suit under these criminal statutes in *qui tam. Leeke v. Timmerman,* 454 U.S. 83, 86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1981) (per curiam) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *In the Matter of an Application for Appointment of Independent Counsel,* 766 F.2d 70, 74–76 (2d Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 569, 88 L.Ed.2d 554 (1985); *Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 84 (2d Cir.1972). Nor may he bring this suit as a "private attorney general," absent statutory authority. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 14 n. 23, 16–17, 101 S.Ct. 2615, 2623 n. 23, 2624–2625, 69 L.Ed.2d 435 (1981) (citing cases). There is no explicit authority for private citizens to bring suit under these statutes, nor will the courts imply such authority. *Dugar v. Coughlin,* 613 F.Supp. 849, 852 n. 1 (S.D.N.Y.1985) (Section 4); *Harberson v. Hilton Hotels Corp.,* 616 F.Supp. 864, 866 (D.Colo.1985) (same) (citing *Odell v. Humble Oil and Refining Co.,* 201 F.2d 123, 127 (10th Cir.1953), *cert. denied,* 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367 (1953);

---

3. These are the prayers for relief as set forth in Farmer's original Complaint. He filed an Amended Complaint which sets forth additional factual allegations but does not set forth grounds for relief.

4. Plaintiff attempts to create controversy about whether the U.S. Attorney's office in this District can properly represent Judge Kaufman, and whether he was timely notified of that representation. He accuses the U.S. Attorney's Office and the Justice Department of "secret and illegal collusion" with Judge Kaufman. Farmer Affidavit, ¶¶ 2–5. The Court regards these arguments as specious, but more importantly, irrelevant. Section 50.15 of 28 C.F.R. provides that the Government shall provide legal representation to a federal employee who has been sued "when the actions ... reasonably appear to have been performed within the scope of the employee's employment...." The determination as to whether the sued-upon actions "reasonably appear to have been performed within the scope of ... employment" is to be made in the first instance by the Department of Justice. *Id.*

other citations omitted); *Jones v. United States*, 401 F.Supp. 168, 171–72 (E.D.Ark. 1975), *aff'd* 536 F.2d 269 (8th Cir.1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977) (same).

The Court further notes that even if plaintiff had authority to bring this action, he would have difficulty meeting the injury-in-fact requirement of Article III of the Constitution. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982) (courts not to be converted into "judicial versions of college debating forums"); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976) ("abstract concern ... does not substitute for the concrete injury required by Article III"). Plaintiff alleges that, persuaded of the innocence of the Rosenbergs, he has "since spent all the time available to him to review the case in detail, in order that justice be done." Complaint at ¶ 15. He also explains that:

> Irving Kaufman is violating my constitutional rights. I have the right, and the duty, to make this complaint, because nobody else is in a position to make it. I am a citizen of the United States and I have a right to insist on the laws of the United States being upheld and supported.

Farmer Affidavit, at ¶ 22. As the Second Circuit has stated, even assuming plaintiff's allegations to be true, "whatever injury [plaintiff may have] suffered in this context is one shared by society at large." *In re Independent Counsel, supra*, 766 F.2d at 76. The redress that plaintiff desires must be sought in a more suitable forum than the federal courts. This Court will not allow itself to be used as a "publicly funded forum[ ] for the ventilation of public grievances or the refinement of jurisprudential understanding...." *Valley Forge, supra*, 454 U.S. at 473, 102 S.Ct. at 759.

## II. FAILURE TO STATE A CLAIM

### A. *Bivens Action*

■ Although not specifically so pleaded, this case might be construed as a *Bivens* action. In 1971 the Supreme Court held in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389, 91 S.Ct. 1999, 2001, 29 L.Ed.2d 619 (1971), that a violation of a constitutional guarantee by a federal official gives rise to a cause of action for damages, even where Congress has not specifically provided for such a remedy. The Supreme Court has lately been hesitant to expand the doctrine. *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 2467, 101 L.Ed.2d 370 (1988) ("our more recent decisions have responded cautiously to suggestions that *Bivens* remedies be extended into new contexts"). This case, in which plaintiff seeks to vindicate rights belonging to others, is entirely inappropriate for *Bivens* relief. *Kinoy v. Mitchell*, 851 F.2d 591, 594 (2d Cir.1988) (attorney prohibited from recovering money damages for alleged violations of his clients' fourth amendment rights).[5]

Such relief is especially improper where the real parties at interest, the Rosenbergs, vigorously advanced many of the same arguments nearly forty years ago on their own behalf. The Court takes judicial notice of the extensive post-conviction proceedings in connection with this case before the Rosenbergs' execution: appeal to and affirmance by the Second Circuit; petition for rehearing by that same Court; certiorari petition and petition for rehearing; motion attacking sentence under 28 U.S.C. § 2255, the denial of which was affirmed by the Second Circuit and for which certiorari was denied; two additional § 2255 motions, both reviewed by the Second Circuit; a petition for writ of mandamus; several

---

**5.** Julius Rosenberg's sister, Ethel Rosenberg Appel, wrote to the Court on August 14, 1990 expressing that Fyke Farmer "certainly is speaking for me, representing, I believe, the constitutional rights of all Americans." Farmer, in his Complaint, expressed no intention to act as counsel for Mrs. Appel nor any other individual. It is doubtful that even she would be able to meet the § 2201 standards in any event. Accordingly, this communication to the Court does not alter the Court's findings.

applications for stays of execution; an original writ of habeas corpus to the Supreme Court; a "next-friend" petition for habeas corpus;[6] and an application for executive clemency. On several of these occasions this Court or its reviewing Courts considered issues substantially similar to those raised here. For example, the Second Circuit specifically approved Judge Kaufman's use of the information from outside the indictment in his sentencing of the Rosenbergs:

> And, although the indictment did not charge, and therefore the jury did not find, that the Rosenbergs intended to harm the United States, the trial judge could properly consider the injury to this country of their conduct, in exercising his discretion as to the extent of sentences within the statutory limits.

*United States v. Rosenberg*, 195 F.2d at 583, 605 (2d Cir.), *cert. denied*, 344 U.S. 838, 73 S.Ct. 21, 97 L.Ed. 652 (1952).

Accordingly, the Court will not fashion *Bivens* relief in this case.

### B. *Declaratory Relief*

■ The Complaint asks the Court to "adjudge" the Rosenbergs' innocence and Judge Kaufman's guilt. The Court reads these paragraphs as claims as for declaratory relief. The familiar test is "whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)) *see* 28 U.S.C. § 2201(a).

Because plaintiff Farmer cannot bring this action on behalf of anyone but himself, *ante*, he cannot be said to have a sufficiently adverse legal interest to defendant Judge Kaufman since he does not allege that Judge Kaufman violated Farmer's personal rights. Moreover, this case invokes no present controversy, but rather seeks to vindicate the rights of persons whose rights were adjudicated nearly forty years ago.

Requests for declaratory judgment are addressed to the discretion of the Court; they are not a matter of right of the litigants. *American Home Products Corp. v. Liberty Mutual Insurance Co.*, 748 F.2d 760, 766 (2d Cir.1984) (citing *Zemel v. Rusk*, 381 U.S. 1, 19, 85 S.Ct. 1271, 1282, 14 L.Ed.2d 179 (1965)). For the reasons stated above, this Court in its discretion declines to allow this suit for declaratory judgment to go forward.

### III. LIMITATIONS OF TIME

■ On the basis of time delay alone the Court could dismiss this lawsuit. The Rosenbergs were executed on June 19, 1953. Under any conceivable statutory basis for these claims, the time limitation would have long since run. *Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir.1987) (three-year statute of limitations in New York for *Bivens* actions); *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 70 (2d Cir.1987) (applying six-year limitations period, 28 U.S.C. § 2401(a), to legal and equitable claims alike against the United States).

Moreover, plaintiff's equitable claims would be barred by the doctrine of laches, because plaintiff has delayed unreasonably in bringing his complaint, to the prejudice of the defendant. *See Tamini v. M/V Jewon*, 808 F.2d 978, 979 (2d Cir.1987). Plaintiff argues that "years of efforts to obtain documents by Freedom of Information actions followed by painstaking analysis o [sic] all the documents were necessary to bring this complaint." Farmer Affidavit at ¶ 28. However, he does not specifically indicate any new piece of evidence, and its date of acquisition, in support of this statement. To his Amended Complaint he at-

---

**6.** This petition was brought by Irwin Edelman, represented by Fyke Farmer, the plaintiff in this action. It raised a question involving the interrelationship between the Espionage Act and the Atomic Energy Act. Justice Douglas issued a stay, and the issue was heard by the Supreme Court convening a Special Term. The Court vacated Justice Douglas' stay the next day. Edelman's motion for reconsideration was denied.

taches a newspaper article that appeared in 1975 ("Exhibit A"); a copy of the Agreement between codefendant David Greenglass (Ethel Rosenberg's brother) and the Government in exchange for leniency ("Exhibit B–1"), with the notations "Top Secret" on every page, subsequently scratched through at each occurrence; four pages of correspondence between then–Assistant Attorney General James McInerney and FBI Director J. Edgar Hoover ("Exhibit B–2"), marked Declassified as of 11/21/86; and copies of the Greenglass cooperation statement and indictment ("Exhibit B–3"), both dated in August 1950 and bearing no notation of having ever been classified.

As to Exhibit A, because of its public nature and age alone it would not defeat a laches defense. Farmer makes no allegation as to when Exhibit B–1 was declassified; accordingly it is of no value in circumventing Judge Kaufman's laches argument. As for Exhibit B–2, it appears singularly unhelpful to assist Farmer in the case he is making. It establishes that the Assistant AG McInerney was of the opinion that there was insufficient evidence as of June 29, 1950 (*i.e.*, one and one-half months before the original indictment was filed and nearly seven months before the superseder) to prosecute either Ruth Greenglass (David Greenglass' wife) or Julius Rosenberg. This information does not shed any light on Farmer's challenge to Judge Kaufman's actions in presiding over the resultant trial and sentencing, in March and April of the following year.[7] Any significance that this correspondence might bear to Judge Kaufman's sentencing of the Rosenbergs eludes the Court, and is not explained in any of Farmer's accompanying submissions. Amended Complaint ¶ (d),

---

**7.** McInerney indicated at that time his intentions to develop the evidence further, by, e.g., reinterviewing Ruth Greenglass. Exhibit B–2 at 4.

**8.** Moreover, if the Court were to reach the merits of this case, it would note the following: even according to Farmer's proffered version of the statute, persons convicted of conspiring to violate the Espionage Act during wartime were

cross-referenced by Plaintiff with Exhibit B–2.

Accordingly, in addition to the other deficiencies of this Complaint, it is time-barred.[8]

## CONCLUSION

Plaintiff has no standing to bring this action; the Complaint does not state a proper claim for a *Bivens* action; and this case is not an appropriate one for declaratory relief. Moreover, even absent these fatal deficiencies, the claims would be time barred. Manifestly, the Court must conclude that further amendments would be futile, and accordingly denies permission to make them.

Defendant's motion to dismiss the Complaint in its entirety is GRANTED.

SO ORDERED.

subject to the death penalty, as long as one or more of the co-conspirators committed an overt act in furtherance of the conspiracy. Also, it does not offend the Due Process Clause for a judge to rely on such facts at sentencing that are established to a preponderance of the evidence. *United States v. Lee,* 818 F.2d 1052, 1057 (2d Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987).