986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas Lynn SURBER, Defendant-Appellant.
 No. 92-5456.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 9, 1992
Decided: March 5, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-87-85-A)
 Donald V. Morano, Chicago, Illinois, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Lynn Surber appeals from a district court order resentencing him to a mandatory minimum sentence of twenty years without parole. Because we find no abuse of discretion by the district court, we affirm.
 
 
 2
 Surber was convicted of conspiracy to possess with intent to distribute or to distribute more than five kilograms of cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992) in November 1987. Approximately three months prior to trial, the government filed a timely notice stating its intent to seek an enhanced criminal penalty against Surber under the Anti-Drug Abuse Act of 1986 (ADAA), 21 U.S.C. § 841(b)(1)(A) (1988), based on a prior felony drug conviction. Although the notice failed to specify the felony conviction on which the government was relying, the presentence report did contain the prior conviction.
 
 
 3
 The district court found that the ADAA applied and sentenced Surber to a mandatory minimum sentence of twenty years based on the prior felony drug conviction, and this Court affirmed. Surber then filed an action pursuant to 28 U.S.C. § 2255 (1988) to set aside his conviction and sentence, claiming that the ADAA did not apply, the government failed to comply with the notice requirements of 21 U.S.C. § 851 (1988)* in seeking the ten year enhancement, and ineffective assistance of counsel. The district court then resentenced Surber to fourteen years with parole eligibility.
 
 
 4
 The government appealed, contending that the ADAA applied. While the appeal was pending, the Supreme Court decided GozlonPeretz v. United States, 59 U.S.L.W. 4107 (U.S. 1991). There, the Court held that the ADAA became effective on October 27, 1986, its date of enactment. Therefore, this Court held that resentencing was appropriate, and remanded Surber's case for resentencing under the ADAA. United States v. Surber, Nos. 91-5627; 91-5631 (4th Cir. Feb. 14, 1992) (unpublished). On remand, Surber did not deny the accuracy of the presentence report, and the district court sentenced Surber to twenty years without parole in accordance with the ADAA. Surber again appealed.
 
 
 5
 Sentencing is within the sole province and discretion of the trial judge, and we review a sentence only for an abuse of that discretion. United States v. Schocket, 753 F.2d 336, 341 (4th Cir. 1985); United States v. Pruitt, 341 F.2d 700, 703 (4th Cir. 1965). Review of the record in this case reveals that the district court did not abuse its discretion in sentencing Surber to a mandatory minimum sentence of twenty years.
 
 
 6
 The issues raised in this appeal are identical to the issues Surber raised in his second appeal. Surber argued that the government's notice was defective because it failed to specify the prior drug conviction relied upon in seeking an enhanced sentence. However, we found in the second appeal that because Surber did not demonstrate actual cause and prejudice for failing to raise that issue on direct appeal as required by United States v. Frady, 456 U.S. 152 (1982), he was precluded from challenging the enhanced sentence. We held that since notice of an enhancement based on a prior drug conviction was timely filed, then unless Surber could show that he was actually prejudiced by the failure to name the specific conviction, he failed to meet the Frady standard and was precluded from raising any technical errors in the notice by way of a collateral attack.
 
 
 7
 Moreover, the district court found on remand that Surber had a chance to challenge the previous convictions at the time of his original sentencing and again at resentencing, because the convictions were listed in the presentence report. However, neither Surber nor his counsel challenged the accuracy of the report. Therefore, Surber failed to show actual prejudice from the allegedly defective notice. Frady, 456 U.S. at 167-69.
 
 
 8
 Surber also claimed he was denied effective assistance of counsel because his attorney failed to raise the government's allegedly outrageous conduct regarding the enhancement notice in a motion to dismiss or on appeal. However, Surber's claim failed to meet the standard set forth in Strickland v. Washington, 466 U.S. 668, 689-92 (1984). Surber failed to show that counsel's representation fell below objective standards of reasonableness, and that he was actually prejudiced due to the ineffectiveness. Therefore, we found in the second appeal that the record was insufficient for Surber to establish the outrageous conduct defense. Surber presented no new facts in this third appeal to support his ineffective assistance of counsel claim. Therefore, we find this claim to be without merit.
 
 
 9
 Because we find no evidence to suggest that the district court abused its discretion in sentencing Surber to twenty years without parole eligibility, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Section 851 provides that the government must file a written information with the court prior to trial stating the previous convictions relied upon in seeking enhancement. 21 U.S.C. § 851(a)(1) (1988)