**Jerry William TYLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8658.**

United States Court of Appeals
Tenth Circuit.

June 8, 1966.

---

Arnold M. Mize, Derby, Kan., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, PICKETT and HILL, Circuit Judges.

PER CURIAM.

The appeal is from a denial of appellant's Section 2255 motion, which attacked a judgment and sentence after a jury verdict of guilty.

In the trial court, Tyler contended only that his constitutional right to a fair trial had been violated because the trial judge, at the request of the jury after submission of the case, permitted the testimony of a government witness to be read back to the jury. The court below dismissed the Section 2255 motion, without a hearing, upon the pleadings, files and records in the case. We agree with this disposition of the motion.

It was within the sound discretion of the trial judge to determine whether the requested testimony should be read back to the jury,[1] and the granting of the request, under the circumstances alleged and as reflected by the record, cannot amount to a deprivation of a constitutional right. Such an alleged trial error must be raised on a direct appeal as Section 2255 was not intended to be and cannot be used as a substitute for a direct appeal.[2] The able trial judge, in his order dismissing the motion, succinctly stated the law, "It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of a prisoner as to render the judgment vulnerable to collateral attack that motion to vacate will lie under 28 U.S.C.A. Section 2255."

1. Easley v. United States, 5 Cir., 261 F.2d 276; United States v. Rosenberg, 2 Cir., 195 F.2d 583, cert. denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, rehearing denied 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 652.

2. Carrillo v. United States, 10 Cir., 332 F.2d 202; Fennell v. United States, 10 Cir., 313 F.2d 941.

On this appeal appellant has raised three additional points in support of the merits of his motion. These were not raised below and we must refrain from giving any consideration to them.

Affirmed.