**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William DE PALMA, Defendant-Appellant.**

**No. 23297.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1969.

Rehearing Denied Sept. 2, 1969.

Before BARNES and CARTER, Circuit Judges, and THOMPSON, District Judge*.

BARNES, Circuit Judge:

. Appellant, on conflicting evidence, was convicted by a jury of violating 18 U.S.C. § 2113(a) (d). In the course of the bank robbery, appellant was alleged to have "assaulted and put in jeopardy the life of teller Ernestine Cazares by the use of a pistol, a dangerous weapon and device." Because of certain matters urged in defense, including the defense of the insufficiency of the evidence to convict, we turn to the evidence.

The teller, Ernestine Cazares, positively identified the defendant in court (R.T. 51–52) as the man who had approached her teller's window on November 28, 1968, laid a folded brown paper sack on her counter, said "give me all your money," and when she stared at him, "he reached into his left pocket and he pulled up a gun. He didn't point it at me. He just showed me that he had it. * * * [H]e reached it out of his pocket, but he didn't point it at me. * * * [I] saw it in his hand. He said 'all of it and hurry.' He reached over and picked up the money, I was afraid to scream or anything because I knew he had a gun and I didn't want anyone to get hurt. [R.T. 44–50.] I didn't become frightened until I saw the gun. He pulled it completely out of his pocket and showed it to me and then put it back in." (R.T. 55–56.)

A second bank employee also identified the appellant. Two finger print experts testified that the finger prints taken from teller Cazares' counter (Gov.'s Ex. 4) matched those of defendant De Palma (Gov.'s Ex. 5).

Morris Lavine (argued), Los Angeles, Cal., for appellant.

Darrell W. MacIntyre (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

■ Appellant's defense was an alibi; he contended that he had been at his job selling food from a catering truck. Had the jury believed the alibi, they would not have convicted appellant. But they apparently did not believe this defense. That is purely a matter for the trier of

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

fact to determine. We cannot disturb such a result, unless it clearly is contrary to any substantial evidence. Here it is not, particularly since we must view it in a light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Byrnes v. United States, 327 F.2d 825, 830 (9th Cir. 1964).

### I. Sufficiency of Evidence.

Appellant urges that the identification was weak. We cannot agree. The two eye witnesses plus the finger print testimony produce a strong case for the Government. There clearly is sufficient evidence to convict.

██ Appellant next urges that there was no assault and no jeopardy. Again we cannot agree. While something more than a mere holdup with force and fear is required, physical attack or physical injury to some person is not required, although a dangerous weapon must be used to come within (d) of § 2113. The life of the person assaulted must be placed in an objective state of danger. Wagner v. United States, 264 F.2d 524, 530 (9th Cir. 1959).

██ True, there was no direct evidence the gun was loaded. But as we said in *Wagner, supra,* the jury could infer it was. Mrs. Cazares inferred it was, as appellant wanted her to do, and as we think most reasonable persons could under the situation here described.

Appellant's brief states (Op.Brf. p. 12) that:

"He did not display a gun or point a gun at the woman at any time, but at one stage pulled out the gun from his pocket so that it was visible, but that was all." But that was enough. We have quoted from the evidence, *supra,* to establish that the only reason the gun was exposed was to intimidate—there could be no other purpose. That was the threat and the assault on the teller.

When a gun is exhibited by a person making an unauthorized demand for money, at a bank or a savings and loan company, it is an intimidation—a threat of reprisal and whether blatant or subtle, it is intended to enforce compliance by creating fear for one's life. *Cf.,* United States v. Roach, 321 F.2d 1, 5 (3d Cir. 1963); Wheeler v. United States, 317 F.2d 615, 618 (8th Cir. 1963).

### II. Instructions.

Appellant urges that there was error in the refusing of instructions; (a) with respect to the alibi claimed and (b) with respect to finger print evidence.

Each matter was fully covered by the trial judge's instructions (R.T. 391–93) which follow those suggested by Mathes and Devitt.[1]

Appellant likewise objects to certain instructions given with respect to the definition of assault. Not only did appellant waive any objections to the instructions given at the trial (18 U.S.C., Fed.R.Crim.P. 30, R.T. 402), but the objections, by reason of what we have previously held, were not well taken.

### III. Failure to Grant Request of Jury to Re-read Certain Evidence.

This point is likewise not well taken. The reading of certain witnesses' testimony, after the jury retires, places emphasis on it, which might well result in the jury's failure to consider the evidence as a whole. This is particularly true when the defendant's evidence is diametrically opposed to that of the prosecution, or vice versa. Perhaps if any evidence is read, all should be read. Any trial could thus be almost endless.

 But we need not consider the various possibilities, for this matter lies almost exclusively in the good judgment of the judge presiding. It is within his sound discretion to determine if the jury's request should be granted or denied. Here the judge acted, and explained his reasons for so acting. He did not abuse the large discretion grant-

1. Federal Jury Practice and Instruction (1965).

ed him, in our judgment. Tyler v. United States, 361 F.2d 862 (10th Cir. 1966); Gregory v. United States, 365 F.2d 203 (8th Cir. 1966); Patterson v. United States, 361 F.2d 632 (8th Cir. 1966); Pinckney v. United States, 352 F.2d 69 (5th Cir. 1965).

IV. Use of Finger Prints as Violative of the Fifth Amendment.

 Appellant's counsel urges that reversal is required in this case by reason of the very recent decision of the Supreme Court in Davis v. State of Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, decided April 22, 1969. It held that the use of finger prints is not beyond the proscriptions of the Fourth and Fourteenth Amendments; unlawful search and seizure whether performed by Federal or State officers. But the Government's Exhibits 11 and 12, the fingerprint examples introduced into evidence by the prosecution, were taken from the appellant *after* there had been "authorization by a judicial officer for appellant's detention." The Fifth Amendment against self-incrimination "only prevents the use against an accused of testimonial evidence obtained from him." Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

Identifying physical characteristics are not evidence of a testimonial nature. Woods v. United States, 397 F.2d 156 (9th Cir. 1968); Gregory v. United States, 391 F.2d 281 (9th Cir. 1968).

Other points are raised in the briefs, but were not emphasized in oral argument. They either were based on a mistaken idea of the evidence, or on legal points not well taken. We find no merit in any of them.

Finding no error, we affirm.