**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Charles Edward WILLIAMS, Defendant-**
**Appellant.**

**No. 415-70.**

United States Court of Appeals,
Tenth Circuit.

April 16, 1971.

James M. O'Hara, Tulsa, Okl., for defendant-appellant.

William R. Burkett, U. S. Atty., and John E. Green, Asst. U. S. Atty., for plaintiff-appellee.

Before CLARK,* Associate Justice, LEWIS, Chief Judge, and ADAMS,** Circuit Judge.

PER CURIAM.

Appellant, Charles Edward Williams, stands convicted upon a jury verdict of violation of 18 U.S.C. § 111,[1] in that he did forcibly assault, resist, oppose, impede and interfere with Richard N. George, a correctional officer, while in custody at the federal El Reno Reformatory, El Reno, Oklahoma. Appellant

---

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

** Of the Third Circuit, sitting by designation.

1. 18 U.S.C. Section 111. Assaulting, resisting, or impeding certain officers or employees.

contends that the evidence is insufficient to sustain a conviction; that the jury instructions as to the credibility of witnesses for appellant, all inmates in the Reformatory, is unfairly slanted against the appellant; and that the court erred in refusing to permit the cross-examination of a government witness as to the applicability of the Federal Civil Rights Act to federal prisoners. We find no merit in any of the contentions and affirm the judgment.

1. The evidence was overwhelming as to appellant's guilt. Correction Officer George was making his routine morning rounds when he noticed appellant in his cell in bed with a "dust cover" pulled over his head. On being asked to get up from his bed, appellant cursed the officer and the latter decided to move him to a "quiet cell." The officer, in accordance with Reformatory rules, obtained the assistance of two additional guards, after which they returned to appellant's cell and ordered the latter to come out and be moved to a "quiet cell." Appellant reluctantly complied but upon reaching the quiet cell, refused to enter and was shoved into it by Officer George. Appellant then started fighting with the guards and was wrestled to the floor inside the cell. As Officer George directed the release of appellant, he was hit over the right eye by the appellant. In the words of the appellant himself, he "was kind of swinging" and "I don't know, I think I hit" Officer George. The officer testified that he was hit by appellant and a picture of the former revealed a swollen, bruised area above the right eye. Indeed, appellant's counsel does not deny an altercation with the guards but claims that appellant was assaulted and did no more than defend himself. Moreover

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

the Medical Technician of the Reformatory, during his routine rounds, examined the appellant and noticed no abrasions or bruises. Appellant complained only that his throat was sore and an analgesic was administered. On the next day appellant advised the Medical Technician that his throat was better.

The appellant testified along with three other inmates, all of whom blamed the onset of the trouble on the officers and testified that appellant had been beaten by them. The court instructed the jury that when a prisoner is unlawfully attacked so as "to induce in him a belief that he is in serious bodily harm or of losing his life that the prisoner may resort to the defense of his person and use whatever force that seems necessary at that time to repel the unlawful attack in order to save himself from serious bodily injury." And it directed the jury to acquit the appellant if it found that in resisting the unlawful attack appellant acted in his own self-defense, or if the evidence led the jury to entertain doubt as to appellant's guilt that it should likewise acquit. Finally, it admonished the jury that appellant was not obliged to establish self-defense beyond a reasonable doubt or even by a preponderance of proof because the prosecution must prove his guilt beyond a reasonable doubt. Despite this strong charge, the jury found the appellant guilty. We cannot say that this finding is erroneous. Long v. United States, 199 F.2d 717, 720 (C.A. 4, 1952); United States v. Reid, 410 F.2d 1223, 1226. (C.A. 7, 1969).

2. Likewise the court's instructions regarding the credibility of the witnesses do not require reversal. Appellant made no objection to any of the instructions. In the absence of plain error, tardy objections to the instructions of the trial court will not be entertained on appeal. Kitchens v. United States, 272 F.2d 757, 760 (C.A. 10, 1959). We find no plain error here. Nor are matters that are raised initially in the appellate court properly before it. Tyler v. United States, 361 F.2d 862, 864 (C.A. 10, 1966). However, we need not rely on these technical obstructions for here the court was duty bound to give the instruction. Rule 30, F.R. Crim.P.; Kreuter v. United States, 376 F.2d 654, 658. (C.A. 10, 1967). The instructions in prior convictions as well as the credibility of witnesses generally were standard and in all respects proper. The general instruction applied to all witnesses and followed the standard form long adopted and followed in each of the federal district courts. It neither slants toward nor singles out any one person or group. Likewise the general instruction as to prior convictions is the standard form and has up to now not been found to be lacking sufficient objectivity. It just so happens that all of appellant's witnesses had been convicted and were subject to such a charge.

3. Finally, appellant objects to being cut short on his recross-examination of the Special Agent of the FBI as to the Civil Rights Act. The sole question asked was: "Are you familiar with the provisions of the Federal Civil Rights Act and its applicability to prisoners?" The court sustained the objection of the government. Not only was the question not relevant but it was improper as inquiring as to the law, a matter for the court. The appellant did not pursue his inquiry, failed to ask for an instruction as to it and apparently abandoned the issue since no exception was noted. Moreover, the question is amply covered in the instruction as to self-defense as discussed in paragraph 1 hereof. While the court made no reference to the Civil Rights Act, it did explain in detail and with force and clarity that if Officer George had assaulted appellant and the latter was acting in self-defense the jury should acquit. Furthermore the court instructed the jury that if Officer George's activity led them to doubt appellant's guilt as the assaulter they should acquit. Certainly the appellant was not entitled to an advisory

opinion on the Civil Rights Law, which was not involved, either from the witness or the court.

We find no error in the trial and, therefore, affirm.