**UNITED STATES of America,
Appellee,**

v.

**Edward PRAVATO, Appellant.**

**No. 150, Docket 74-1760.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 27, 1974.

Decided Nov. 11, 1974.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

Gary A. Woodfield, Asst. U. S. Atty. (David G. Trager, U. S. Atty. for the Eastern District of New York, Paul F. Corcoran, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

OAKES, Circuit Judge:

Appellant Pravato appeals from a judgment of conviction in the United States District Court for the Eastern District of New York, Edward R. Neaher, *Judge*, under the Federal Bank Robbery Act. We affirm the conviction but vacate his sentence under Count One, based on a violation of 18 U.S.C. § 2113(a), leaving standing his sentence of 20 years' imprisonment under Count Two, based upon a violation of 18 U.S.C. § 2113(d).

■■ The principal claim on appeal is that the consent of a single-family house holder, Mrs. Joan Syracuse, to the search of a room which appellant had occupied for three days as a non-paying guest did not extend to permit the search of his open suitcase lying on the bed, from which a scrap of paper bearing the notation "Sal father 561–665–5979" was seized. The telephone number was that of Frank Polisi, the father of Salvatore Polisi, appellant's codefendant, who, like appellant, was identified at trial by bank employees and in surveillance photographs. It is, by now, clearly established that "Consent to a search by one with access to the area searched, and either common authority over it, a substantial interest in it or permission to exercise that access, express or implied alone validates the search." United States v. Gradowski, 502 F.2d 563, 564 (2d Cir. 1974). *See also* United States v. Matlock, 415 U.S. 164, 170–171, 94 S.Ct. 988, 39 L. Ed.2d 242 (1974); United States v. Jenkins, 496 F.2d 57, 71–72 (2d Cir. 1974). Appellant argues, however, that Mrs. Syracuse's consent to search her guest room cannot extend to the search of his suitcase over which she had no joint use or rights, even though the suitcase was left open (so that his "expectation of privacy," if that has any bearing in this context, cannot be said to have been very great). The Gov-

ernment argues on the other hand that the cases upholding consent searches generally have permitted the incidental search of a non-consenting party's personal property, such as the dresser drawers and diaper bag found in a closet in *Matlock, supra*; the duffel bag in Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), where, however, there was joint use of the bag by the consenting party, the Court refusing to engage in the "metaphysical subtleties" raised by the appellant's claim that the joint use was limited to a compartment in the bag, 394 U.S. at 740, 89 S.Ct. 1420; the cardboard boxes in the closet in United States v. Robinson, 479 F.2d 300 (7th Cir. 1973) (2–1 decision); or the zipper bag in the motel room in White v. United States, 444 F.2d 724 (10th Cir. 1971). This intriguing question—whether consent to search a room carries with it, willy-nilly, the right to search all the contents of the room—is not clearly reached on these facts since Pravato's suitcase was open, even though arguably the scrap of paper was not "in plain view." We need not reach it on the law for we are satisfied that the admission of the scrap of paper, which only served to demonstrate a nexus between the codefendants, and not to link either with the bank robbery, was harmless error, at least as to appellant, beyond a reasonable doubt, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in light of the in-court identifications of him and the surveillance photos showing his robbery participation.

■ Appellant further contends that the court charged the jury beyond the scope of a jurisdictional stipulation that the Franklin Bank was insured by the F.D.I.C. and had $25,000 taken from it on May 3, 1971, by stating the stipulation as if it included the element of taking by the use of force, violence and intimidation necessary for a robbery conviction. Perhaps because there was ample evidence of force (the use of a

handgun by appellant), violence (pointing the gun at employees) and intimidation (*e. g.*, a teller, Mrs. Albert, was told to lie on the floor and testified that she was "in a state of shock" and "scared"), no objection was taken to this erroneous statement in the charge. We do not consider that there was plain error here; counsel, for good reason, was undoubtedly pursuing the trial tactic of not contesting the issue of force and violence, preferring to rely rather on the issue of misidentification based on, in his words, "terror and fright."

■ The district court's concurrent sentences for violations of both subsections (a) and (d) were erroneous and on the authority of Gorman v. United States, 456 F.2d 1258 (2d Cir. 1972) we vacate the sentence on Count One, but affirm the conviction.

Judgment affirmed; sentence on Count One vacated.