UNITED STATES of America, Appellee,

v.

James McCORMACK,
Defendant-Appellant.

No. 1252, Docket 86–1522.

United States Court of Appeals,
Second Circuit.

Argued June 10, 1987.

Decided Sept. 18, 1987.

Robert Precht, New York City, The Legal Aid Soc., Federal Defender Services Unit, for defendant-appellant.

Martin J. Littlefield, Asst. U.S. Atty., Western Dist. of New York, Buffalo, N.Y. (Roger P. Williams, U.S. Atty., Western Dist. of New York, Buffalo, N.Y., of counsel), for appellee.

Before VAN GRAAFEILAND, KEARSE and MAHONEY, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

James McCormack appeals from a judgment of the United States District Court for the Western District of New York, which followed a jury trial before Judge Elfvin. The judgment convicted appellant of robbing the Cheektowaga Branch of the Norstar Bank on February 11, 1986 by force and violence or intimidation, 18 U.S.C. § 2113(a), and using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c). We affirm.

On May 22, 1986, a Buffalo Grand Jury handed down an indictment charging McCormack with robbing the Norstar branch bank, not once, but twice, the first robbery having occurred on November 19, 1985. The district court granted the defendant's motion to sever the counts relating to the two robberies even though it knew that this would effectively eliminate some of the most convincing testimony in the Government's case. Joanne Pawlowski, the victimized teller in the first robbery, and Sylvia Johnson, a co-employee of the Bank, were in the Bank's collateral vault near the tellers' cages on February 11 and saw McCormack when he entered the Bank. Pawlowski, who recognized McCormack as the perpetrator of the November robbery, alerted Johnson to the fact that he was going to rob the Bank again. Following the severance, the district court would not permit the Government to prove how Pawlowski knew that McCormack was about to rob the Bank, nor would the court permit either Pawlowski or Johnson to testify concerning Pawlowski's attention-riveting statements to Johnson. As a result, the Government did not call Pawlowski as a witness, and instructed Johnson, who did testify, not to mention Pawlowski at all.

Encouraged by these favorable rulings, defense counsel sought to discredit the testimony of Annette James, the bank teller who was accosted by McCormack and who identified him as the gun-wielding robber. James testified on direct that, when McCormack told her that this "was a holdup" and demanded the money in her bottom drawer, she just "froze." McCormack then pulled out a gun, pointed it at her, and told her that if she didn't give him everything, "he would blow me away." Not content with this clear evidence of intimidation, defense counsel proceeded to emphasize it in his cross-examination of James:

Q. Okay. Now, you've indicated in your direct examination that you sort of froze when this first happened?
A. Yes.
Q. All right. And certainly the reason for that, that action on your part, was tension, concern?
A. Concern I was being held up. What would you do? I mean—
Q. You were concerned?
A. (No response)
Q. You were concerned, were you not? You were tense? You froze?
A. Yes.

Defense counsel devoted almost his entire summation to the issue of identifica-

tion, in effect conceding that there was intimidation in order to maximize the likelihood of misidentification:

> [S]he said well, you know, it was a very tense situation. And I'm sure it was. And as we all know, in tense situations our abilities are not heightened, our powers of observation and retention are not heightened. They are lessened.

Counsel concluded his summation by telling the jury that the issue for them to decide was whether McCormack was the robber. With the record so clear on this point, it is surprising, to say the least, to have McCormack's appellate counsel contend that "[t]he only seriously contested issue was whether the robbery was accomplished by 'force and violence or by intimidation.'" (Appellant's Brief at 3). Although, as appellate counsel presently concedes, the evidence that McCormack committed the robbery was overwhelming (Appellant's Brief at 25), McCormack's trial counsel litigated this issue to the bitter end. Appellate counsel now tacks in the opposite direction in order to support his contention that the district court committed plain error in its charge on intimidation, a charge that was not excepted to below.

■ In its main charge, the district court instructed the jury in substance that taking by intimidation means willfully to take by putting the victim in fear of bodily harm and that the defendant's acts must be such as would put the ordinary person in fear of bodily harm. When the jury subsequently requested a further definition of the statutory phrase "by force and violence, or by intimidation", the district judge attempted to comply with their request. He began by telling the jury that he did not recall any evidence of force or violence, an instruction that neither side has challenged. He then repeated the correct definition of intimidation that he had already given. However, he did not stop there. By way of illustration, he gave the jury a synopsis of two appellate court opinions in which threats of violence were held sufficient to constitute intimidation. He concluded, however, with the following admonition to the jury:

> Now, it's really a problem for you, one, to decide from the testimony and from the other evidence that you have before you what was actually done, what was actually done, what was actually said. In other words, the whole physical circumstances are there. And then to put yourself in the role of a reasonable, ordinary person and decide whether such a person would have been intimidated by what you have found to have gone on. And if you find that an ordinary reasonable person would have been intimidated by what went on and you find that beyond a reasonable doubt, then that would be sufficient for a conviction under Count II. If your decision is that it is not shown to you beyond a reasonable doubt what actually did go on or that what actually did go on would cause an ordinary reasonable person to be intimidated, then you would say to Mr. McCormack that he is not guilty.

■ Appellant now contends that, despite his counsel's failure to object to the district court's use of the illustrative case references, their inclusion in the charge constituted plain error requiring reversal. Although we agree that it would have been better had the district judge omitted reference to these cases, their inclusion in the charge was at most harmless error. A single instruction should not be judged in isolation, but in the context of the entire charge, which, in this instance, was both adequate and correct. *See United States v. Gaggi*, 811 F.2d 47, 61–62 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987). Here, it also must be viewed in the light of the jury's verdict on the second count which charged McCormack with using or carrying a firearm during a crime of violence. In finding McCormack guilty on that count, the jury obviously credited the bank teller's testimony that McCormack threatened her with a gun.

We think it safely may be said that guns and intimidation go hand in hand. "[T]he display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue." *McLaughlin v. United States*, 476 U.S. 1, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986) (footnote omitted). "When a gun is exhibited by a person mak-

ing an unauthorized demand for money, at a bank or a savings and loan company, it is an intimidation—a threat of reprisal and whether blatant or subtle, it is intended to enforce compliance by creating fear for one's life." *United States v. De Palma,* 414 F.2d 394, 396 (9th Cir.), *cert. denied,* 386 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1969). *See also United States v. Richardson,* 562 F.2d 476, 481 (7th Cir.), *cert. denied,* 434 U.S. 1072, 98 S.Ct. 746, 54 L.Ed.2d 768 (1977); *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir.1976); *Baker v. United States,* 412 F.2d 1069, 1071–72 (5th Cir.1969), *cert. denied,* 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970). It is simply inconceivable that any reasonable juror, after finding that McCormack pointed a gun at the bank teller and threatened to blow her head off, would conclude that she was not intimidated. Both logic and the teller's own testimony establish beyond a shadow of a doubt that she was intimidated. The jury's finding on this issue was not sullied by the district court's charge. *See United States v. Pravato,* 505 F.2d 703, 704–05 (2d Cir.1974).

■ Appellant's second claim of error is equally without merit. Included in the evidence which clearly showed McCormack to be the robber were bank surveillance photos. The prosecutor offered in evidence the canister of negatives from the surveillance camera, a sheet of small contact photos taken from the negatives, and one large blowup photo. The district court admitted the contact photos and the blowup but refused to admit the canister of negatives. During the jurors' deliberations, they requested that they be given enlargements of several of the small photos. At first, the Government had no objection to this being done. However, the enlargements, when made, showed Joanne Pawlowski, the undisclosed witness, standing in the doorway of the collateral vault. Because of the prejudice that might result from this unexplained disclosure, the Government refused to let the jury see the blowups. The Government also contended that, since the blowups were made from negatives that were not in evidence, the blowups could not properly be considered by the jury. The defendant moved for a mistrial.

Instead of ruling on the motion, the district judge suggested he tell the jury that the requested enlargements had been made and the court had ordered they be given to the jury but that the Government had refused to produce them. The Government objected to this procedure. Defense counsel stated that if the procedure was followed, he would withdraw his motion for a mistrial. The procedure was followed. However, when the court finished this portion of its supplemental instructions and was about to move to another matter, the prosecutor interrupted by objecting that the court had not told the jury the Government's reason for not turning over the enlargements. The court responded that the Government did not have good and sufficient reason, "it is just that the Government is refusing to turn them over."

Although the prosecutor should not have interrupted the court's charge, whatever prejudice may have resulted therefrom was clearly to the Government, not the defendant. The Government had good reasons for not giving the enlargements to the jury. They showed an unidentified employee in the immediate vicinity of the robbery, whose absence from the trial had not been explained. Moreover, neither the enlargements nor the negatives from which they were made were in evidence. Defense counsel's motion for a mistrial, based upon the prosecutor's unwarranted interruption, was properly denied.

The judgment of conviction is affirmed.

KEARSE, Circuit Judge, concurring:

I concur in the affirmance of the judgment of conviction but write separately to emphasize that the district court's supplemental instruction to the jury clearly did contain error that should be avoided.

As Judge Van Graafeiland's opinion notes, the trial judge's supplemental instruction on intimidation included a synopsis of two appellate court opinions in which threats of violence were held sufficient to constitute intimidation. Thus, after giving the jury instruction as to the legal standards with regard to proof of intimidation,

the court described the cases to the jury in this way:

Now, all I have further on that that doesn't disturb that law at all but we have a decision out of the United States Court of Appeals for the Second Circuit which is the higher court that—the highest court in this Circuit in which we sit and that sits in New York City and there, and I read this quickly from the part of the decision which is United States versus Lawrence reported in 618 Fed 2d 986, and this is at page 987, the judge there, Judge L[u]mbard, of the Circuit Court of Appeals said the evidence of intimidation is clear and convincing although Lawrence being the defendant in that case used no force or violence, he said to the bank teller, quote, I don't want to see you or anyone else get hurt, unquote. He passed a note to the teller demanding money in certain denominations and asked, quote, do you understand what I mean, unquote. Such actions are sufficient to constitute intimidation within the statute.

The trial judge went on to describe at length a similar ruling "by the United States Court of Appeals for the Eighth Circuit, in other words one in another part of the country."

Although the court ended its supplemental instruction by stating that the issue was really one for the jury to decide, its use of the Second and Eighth Circuit cases was improper for several reasons. First, informing the jury that a court has found similar evidence sufficient invites the jury, which will ordinarily be respectful of and deferential to the views of a court, to convict because that learned entity has done so. The jury should not be urged to do other than to decide its own view of the facts on the basis of the evidence before it and to apply to those facts the law as instructed by the trial court. Second, the improper invitation to defer to judicial evaluations of similar evidence was underscored when the trial court identified the courts in its illustration as "the highest in this Circuit," and the (to be inferred) equally high ranking Court of Appeals for the Eighth Circuit. Third, the trial court's use of circuit court decisions as illustrations

was totally inapt because the appellate standard of review of the sufficiency of evidence to support a conviction requires that the evidence be viewed in the light most favorable to the government. A jury is not required to view the evidence in this light.

Although I agree with the majority that in the present case the error in the charge on intimidation was harmless, viewed both in light of the charge as a whole and in light of the jury's finding that the defendant had brandished a gun, which is itself intimidating, I think it important to emphasize that trial courts should simply avoid instructing the jury that other judicial entities have found similar evidence sufficient to convict and especially that appellate courts have found similar evidence sufficient to sustain a conviction on appeal.

MAHONEY, Circuit Judge:

I concur in both Judge Van Graafeiland's and Judge Kearse's opinions.