978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy John HALLORAN, Defendant-Appellant.
 No. 91-30352.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Decided Oct. 26, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant appeals his conviction for use of a telephone with intent to defraud on four grounds. First, defendant objects to an instruction characterizing the crime as "bilking," not fraud. Second, the court erroneously advised the jurors of a presumption of guilt. Third, the defendant claims the judge's admonishment regarding the reading back of testimony intimidated the jury and led to a coerced verdict. Fourth, the court accepted the verdict before the jury had been given requested supplementary instructions. We have jurisdiction and we affirm.
 
 
 3
 Defendant John Joseph Halloran was indicted for causing another to travel in interstate commerce in furtherance of a scheme to defraud, under 18 U.S.C. § 2314, and for use of a telephone with intent to defraud, 18 U.S.C. § 1343. Halloran was convicted on the latter count, sentenced to 21 months in prison and ordered to pay restitution.
 
 
 4
 Defendant appeals his conviction on four grounds. Addressing the jury prior to voir dire, the fraud charges were summarized in this way:
 
 
 5
 THE COURT: So this is a telephone ... an alleged telephone scam, to use the vernacular. That's what they're saying. This person in essence was trying to bilk one of the Oregon people out of their money. That's the essence of it. These are allegations only. We know nothing about their truth or falsity.
 
 
 6
 On another occasion, also prior to voir dire, the court again used the term "bilk."[1] Defense counsel did not object to the word choice on either occasion.
 
 
 7
 In the same discussion, the court erroneously stated that "we're going to presume the defendant guilty." No curative instruction was ever given, but correct instructions were given both before and after that error.
 
 
 8
 During deliberations the jury asked to rehear the testimony of a key witness. The witness' entire testimony was read back. After the read back, the court commented:
 
 
 9
 THE COURT: Excuse me. Just be seated, please. That was a 50-minute exercise, if my clock was right. And I have never allowed a complete transcript to be read back before, and I won't do it again. We expect in a one day trial for you 12 jurors to collectively grab the essence of the testimony. If there's some specific issue or something--that's why I wrote you that note, "Be more specific." Because this is a tremendous ordeal for everybody. And if you have some specific inquiry, "We would like to know about so and so," well, then that's a legitimate inquiry. If you're just going to ask us to read back the trial, we're just not going to do it. And that's not the way it's supposed to work. So that's the answers. [sic]
 
 
 10
 Defense counsel did not object to the statement at that time.
 
 
 11
 The jury made two more requests for information, once asking whether the jury was hung, and on the other occasion asking for a copy of the instructions on the crimes' elements. Copies of the instructions were being made to comply with the second request when the jury announced that they had reached a verdict.
 
 
 12
 Both before and after the verdict was rendered, defense counsel moved for, and was denied, a mistrial on the grounds of fundamental fairness.
 
 
 13
 * The defendant argues that the use of the term "bilked" at trial so prejudiced the jury as to deprive the defendant of a fundamentally fair trial. This claim has no merit. The court clearly could have used the term "defrauded." The only distinction between the words "defraud" and "bilk" is in the degree of formality, not in the degree of negative connotation attached to the terms. Even were this word choice to be considered "error," there can be no serious argument that it affected the jury's determination of guilt or innocence. See Fed.R.Crim.P. 52(a) ("Any error ... which does not affect substantial rights may be disregarded.").
 
 II
 
 14
 As to the misstatement of the presumption of innocence, we apply the "plain error" standard, reversing the trial court only if there is a "highly prejudicial error affecting substantial rights." United States v. Hall, 650 F.2d 994, 998 (9th Cir.1981). Under Chapman v. California, 386 U.S. 18 (1967), a constitutional error must be harmless beyond a reasonable doubt. Id. at 24; see In re Winship, 397 U.S. 358 (1970).
 
 
 15
 We conclude that the single misstatement of the presumption of innocence was satisfactorily cured. Appellant's own brief documents seven separate occasions that the court emphasized the defendant was presumed innocent. One such occasion followed the erroneous statement in the next sentence. The repetition of the proper instruction erased the potential for prejudice. Guam v. Ignacio, 852 F.2d 459, 461 (9th Cir.1988); United States v. Previte, 648 F.2d 73, 83 (1st Cir.1981). The fact that no "curative instruction" per se was given is not dispositive. Ignacio, 852 F.2d at 461.
 
 
 16
 As to the court's suggestion that the jury decide the case after listening to the prosecution's case, it is unreasonable to suggest that the jury would interpret the statement to mean that they should ignore the defense case. The context of the statement indicates the court was emphasizing the prosecution's burden of proving guilt.
 
 III
 
 17
 The defendant argues that the court's statement informing the jury that he would no longer read back large parts of testimony coerced the jury. The trial "judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if it abuses that discretion." United States v. Laurins, 857 F.2d 529 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). The court need not have testimony read back to the jury. United States v. Portac, Inc., 869 F.2d 1288, 1295 (9th Cir.1989), cert. denied, 111 S.Ct. 129 (1990). In fact, reading back testimony "is disfavored." United States v. DePalma, 414 F.2d 394, 396 (9th Cir.1969), cert. denied, 396 U.S. 1046 (1970). Here the judge allowed the entire testimony of a witness to be read back. The judge was within his province to instruct the jury that, in the interest of efficiency, further requests to rehear substantial parts of the record would not be entertained. The statement makes clear that specific questions would be permitted. The record also belies any charge that the jury was too intimidated to carry out its essential function after the judge's admonition, since the jury submitted two more questions thereafter.
 
 
 18
 The defendant admits that "the admonition given to the jury by the [d]istrict [c]ourt does not rise to the level of an '[A]llen' or a 'dynamite' charge." It would be incongruous to hold that the mild statement at issue here was coercive when those more vigorous exhortations of the jury have been upheld. See Lowenfield v. Phelps, 484 U.S. 231, 241 (1988); Allen v. United States, 164 U.S. 492, 501-02 (1896).
 
 IV
 
 19
 Halloran also objects that the jury's verdict was accepted before their question about the elements of the offense had been answered. "The necessity, extent, and character of additional instructions" to the jury "are within the sound discretion of the trial court." United States v. Hayes, 794 F.2d 1348, 1352 (9th Cir.1986) (citing United States v. Collom, 614 F.2d 624, 631 (9th Cir.1979), cert. denied, 446 U.S. 923 (1980)). Though a judge "has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue," Hayes, 794 F.2d at 1352; United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.) (per curiam), cert. denied, 441 U.S. 936 (1979), any "[a]dditional instructions are left to the discretion of the judge." United States v. Rohrer, 708 F.2d 429, 435 (9th Cir.1983). As long as the judge has given instructions which "fairly and adequately cover[ed] the issues presented," United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990), the defendant has no cause for complaint.
 
 
 20
 There is no claim here that the jury instructions given were somehow inadequate or unfair. The judge did, in fact, order copies of the instructions made for submission to the jury, but this task was not completed before the jury announced that it had arrived at a verdict. As the judge could have declined to give any further instructions, it is within his discretion to accept the jury's verdict at that point. The judge reasonably interpreted the jury's rendering of a verdict to moot the earlier request for further instruction.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There is disagreement between the parties as to how many times the word "bilk" was used. Defendant's version of the record is accepted for purposes of this memorandum. The parties agree on all other excerpts of the transcript