983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter WEDDINGTON, Petitioner-Appellant,
v.
Gary T. DIXON; Attorney General of North Carolina,
Respondents-Appellees.
 No. 92-6762.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 1, 1992
Decided: December 30, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-91-402-C-C-P)
 Walter Weddington, Appellant Pro Se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.
 W.D.N.C.
 DISMISSED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter Weddington appeals from the district court's grant of summary judgment for the Defendants in his 28 U.S.C.s 2254 (1988) action. Because the district court properly denied habeas relief, we deny a certificate of probable cause and dismiss his appeal.
 
 
 2
 Weddington was convicted of first degree murder in 1989. He appealed that conviction, alleging (1) improper prejudice as a result of the trial court reading the testimony of a prosecution witness to the jury after the jury retired for deliberation and (2) improper jury instructions regarding the intent element of murder. The North Carolina Supreme Court found no error and affirmed the conviction.
 
 
 3
 Weddington subsequently sought collateral relief in state court. In addition to the two grounds brought on direct appeal, he raised two additional claims: (1) that the trial court failed to properly answer jurors' questions regarding the controlling law, and (2) that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. The two new claims were denied as procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419 (1988); the claims raised on direct appeal were held barred under principles of claim preclusion.
 
 
 4
 Weddington raised all four of these claims in his petition for writ of habeas corpus. Weddington's first claim, that the reading of testimony to the jury after it had retired for deliberations denied him due process, is without merit. Reading evidence back to the jury does not per se deny a defendant his right to a fair trial. Tyler v. United States, 361 F.2d 862, 863 (10th Cir. 1966). Any possible prejudice in this case was cured through the trial court's admonition to the jury that it had to consider all of the evidence during its deliberations. See United States v. Moore, 710 F.2d 157, 159 (4th Cir.), cert. denied, 464 U.S. 862 (1983).
 
 
 5
 Weddington's second claim, that the intent instructions were erroneous, also fails. Federal courts exercise a limited role and conduct a narrow inquiry on collateral review of a trial court's instructions.
 
 
 6
 Nickerson v. Lee, 921 F.2d 1125, 1137 (4th Cir.), petition for cert. filed, No. 92-6327 (U.S. Oct. 21, 1992). To grant relief, a federal court must find that the instruction infected the entire trial such that it resulted in a conviction in violation of due process. Id. Weddington has failed to show such a violation.
 
 
 7
 Both counsel agreed that the jury's confusion on the intent element was best addressed by re-instruction. Further, there was no error in the instruction as given. Finally, all of the jurors' questions were answered by the re-instruction. The district court was correct in finding no due process violation in the instructions given the jury.
 
 
 8
 Finally, our review of the district court's opinion adopting the magistrate judge's recommendation discloses that this appeal is without merit as to the remaining claims, which were procedurally defaulted. Accordingly, we adopt the district court's reasoning as to these two claims. Weddington v. Dixon, No. CA-91-402-C-C-P (W.D.N.C. July 7, 1992). Consequently, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED